

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. KRANTZ,<br>Plaintiff<br><br>v.<br><br>PEERLESS INDEMNITY INSURANCE<br>COMPANY, OHIO CASUALTY<br>INSURANCE COMPANY, t/d/b/a<br>LIBERTY MUTUAL INSURANCE and<br>LIBERTY MUTUAL INSURANCE<br>GROUP,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Docket No.<br><br>18    3450<br><br>FILED<br><br>AUG 1 5 2018<br><br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendants Peerless Indemnity Insurance Company, Ohio Casualty Insurance Company t/d/b/a Liberty Mutual Insurance and Liberty Mutual Insurance Group ("Defendants") hereby file a Notice of Removal of this case from the Court of Common Pleas of Lancaster County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), and in support thereof aver as follows:

1.      Plaintiff David A. Krantz commenced this action by filing a Praecipe for Writ of Summons on May 31, 2017, in the Court of Common Pleas of Lancaster County, Pennsylvania, docketed at CI-17-05202.  A copy of the Praecipe for Writ of Summons is attached hereto and identified as Exhibit A.

2.      The undersigned counsel entered their appearance on behalf of Defendants on July 3, 2018.  A copy of the Entry of Appearance is attached hereto and identified as Exhibit B.

3.     On July 3, 2018, Defendants filed a Praecipe for Rule to File Complaint.  A copy of the Praecipe for Rule to File Complaint is attached hereto and identified as Exhibit C.

4.     On July 6, 2018, the Lancaster County Prothonotary issued a Rule to File Complaint.  A copy of the Rule is attached hereto and identified as Exhibit D.

5.     On July 27, 2018, Plaintiff filed his Complaint in the Lancaster County Court of Common Pleas.  A copy of the Complaint is attached hereto and identified as Exhibit E.

6.     Plaintiff's counsel mailed the undersigned counsel a copy of the Complaint under cover letter, dated July 27, 2018, which was received by the undersigned on July 30, 2018.  A copy of the July 27, 2018 enclosure letter is attached hereto and identified as Exhibit F.

7.     This Notice of Removal is therefore timely, in accordance with 28 U.S.C. § 1441 and 1446(b).

8.     The Complaint states that Plaintiff resides at 154 Oak Road, Conestoga, Pennsylvania 17516.  *See* Exhibit E at para. 1.

9.     Therefore, upon information and belief, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

10.    In his Complaint, Plaintiff avers that Defendant Peerless Indemnity Insurance Company is a New Hampshire corporation, with a principal place of business located at 62 Maple Avenue, Keene, NH 03431.  Exhibit E at para. 2.

11.    Plaintiff avers that Defendant Ohio Casualty Insurance Company is an Ohio corporation, with a principal place of business located at 9450 Seward Road, Fairfield, OH 45014.  Exhibit E at para. 3.

12.    Plaintiff avers that Defendant Liberty Mutual Insurance Company is a Massachusetts corporation, with a principal place of business located at 175 Berkeley Street, 9th Floor, Boston, MA 02116.[1]   Exhibit E at para. 4.

13.    In his Complaint, Plaintiff purports to set forth certain unlabeled causes of action against Defendants, sounding in breach of contract, statutory bad faith, and violation of the Unfair Insurance Practices Act. *See* Exhibit E.

14.    Based upon the allegations set forth in Plaintiff's Complaint, the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

15.    In paragraph 17 of his Complaint, Plaintiff avers that he has $100,000 in underinsured motorist benefits under his Peerless Policy, and that Defendants have "refused and have continued to refuse to pay in good faith the remaining Thirty Seven Thousand Five Hundred Dollars ($37,500) in available UIM coverage on their policy . . . . "  Exhibit E at para. 17.

16.    In paragraph 22 of his Complaint, Plaintiff avers that the Peerless Policy "provides underinsured motorist coverage to Plaintiff for this accident in an amount between One Hundred Thousand Dollars ($100,000) and Five Hundred Thousand Dollars ($500,000) depending on Defendants' ability to produce a valid stacking waiver . . . ." Exhibit E at para. 22.

17.    In paragraph 26 of his Complaint, Plaintiff avers that his "damages from this motor vehicle accident clearly exceed One Hundred Eighty Five Thousand Dollars ($185,000)." Exhibit E at para. 26.

---

[1] Per the Declarations Page of the Peerless Policy, attached as Exhibit B to the Complaint, Peerless Indemnity Insurance Company issued the subject insurance policy to Plaintiff and is a corporation organized and existing under the laws of the state of Ohio, with a principal place of business located at 9450 Seward Road, Fairfield, OH 45014. Thus, Peerless is the only proper Defendant identified in the Complaint. However, regardless, even if the averments set forth in the Complaint regarding the various Defendants' principal places of business are taken as true, there is still complete diversity between the parties.

18.     In the WHEREFORE clause of the Complaint, Plaintiff demands judgment against Defendants in excess of $50,000, plus interest, delay damages, costs of suit, and such other damages as allowed by law or in equity. *See* Exhibit E.

19.     If Plaintiff is successful on his purported Bad Faith claim, pursuant to 42 Pa. C.S.A. § 8371, the statute permits the imposition of punitive damages, interest, attorneys' fees, and costs.[2]

20.     As such, this Honorable Court has jurisdiction, pursuant to the provisions of 28 U.S.C. § 1332, since there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

21.     The present lawsuit is accordingly removable from State Court to this Court, pursuant to 28 U.S.C. § 1441 and § 1446.

22.     This Notice of Removal has been filed within thirty (30) days after the undersigned counsel received a copy of the Complaint, and thus, removal is appropriate under 28 U.S.C. § 1446(b).

23.     Written notice of the filing of this Notice of Removal has been given to Plaintiff, in accordance with 28 U.S.C. § 1446(d), as noted on the attached Certificate of Service.

24.     Promptly after filing with this Honorable Court, and the assignment of a civil action number, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Lancaster County, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

---

[2] Defendants are in no way conceding that Plaintiff is entitled to these types of damages, or any damages at all, but is merely referencing the statute to illustrate that the amount in controversy exceeds $75,000.

WHEREFORE, Defendants Peerless Indemnity Insurance Company, Ohio Casualty Insurance Company t/d/b/a Liberty Mutual Insurance and Liberty Mutual Insurance Group respectfully request that this action be removed from the Court of Common Pleas of Lancaster County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _____
Brigid Q. Alford, Esquire
Attorney I.D. No. 38590
Allison L. Krupp, Esquire
Attorney I.D. No. 307013
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone:  (717) 651-3710
Facsimile:  (717) 651-3707
*Attorney for Defendants*

COMMONWEALTH OF PENNSYLVANIA　　:
　　　　　　　　　　　　　　　　　　SS
COUNTY OF CUMBERLAND　　　　　　:

## <u>AFFIDAVIT</u>

**Brigid Q. Alford, Esquire,** being duly sworn according to law deposes and says that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief.

_____
Brigid Q. Alford, Esquire

Sworn to and subscribed
Before me this 7 day
of August , 2018

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Lisa J. Wallace, Notary Public
East Pennsboro Twp., Cumberland County
My Commission Expires Jan. 10, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## CERTIFICATE OF SERVICE

I, Brigid Q. Alford, Esquire, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing and US Postal Service on the date specified below:

Thomas J. Floyd, Jr., Esquire
The Floyd Law Firm
Griest Building, Suite 1102
Eight North Queen Street
Lancaster, PA 17603
*Attorney for Plaintiff*

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____

Brigid Q. Alford, Esquire
*Attorney for Defendants*

Dated:  8/15/2018

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CIVIL ACTION—LAW**

DAVID A. KRANTZ                                           :

        *Plaintiff,*                                  :

    vs.                                              :    Docket No.

PEERLESS INDEMNITY INSURANCE             :
COMPANY, OHIO CASUALTY                        :    17-05202
INSURANCE COMPANY t/d/b/a LIBERTY      :
MUTUAL INSURANCE and LIBERTY             :
MUTUAL INSURANCE GROUP                      :

        *Defendants.*                                :

## Praecipe For Writ of Summons

TO THE PROTHONOTARY OF LANCASTER COUNTY:

    Please issue a Writ of Summons upon Defendants in the above-captioned action.

Dated: _5/31/17_

                              Thomas J. Floyd, Jr. (I.D. No. 39026)
                              *Attorney for Plaintiff*
                              Eight North Queen Street, Ste 1102
                              Lancaster, PA 17603
                              (717) 392-3388

*[handwritten:]* 5-31-2017
(3) to Attorney
$164.25 PAID
check 566
reciept 66543

**EXHIBIT A**

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

## WRIT OF SUMMONS - CIVIL ACTION

### TO THE SHERIFF OF LANCASTER COUNTY:

DAVID A. KRANTZ                           :

        *Plaintiff,*                        :

                                   :

        vs.                               :        Docket No. **17 - 05202**

PEERLESS INDEMNITY INSURANCE              :
COMPANY, OHIO CASUALTY                    :
INSURANCE COMPANY t/d/b/a LIBERTY         :
MUTUAL INSURANCE and LIBERTY              :
MUTUAL INSURANCE GROUP                    :
                                   :
        *Defendants.*                       :

**TO: PEERLESS INDEMNITY INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY AND LIBERTY MUTUAL INSURANCE GROUP :**

You are notified that David A. Krantz, Plaintiff, has commenced an action against you.

Date: *5-31-2017*

                           **KATHERINE WOOD-JACOBS, PROTHONOTARY**

                           **By:** _____
                                     *Deputy*

By: <u>Thomas J. Floyd, Jr. Esq.</u>, I.D. <u>#39026</u>
    Attorney for Plaintiff(s)

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## PROTHONOTARY
## CIVIL COVER SHEET

PLEASE LIST NAMES AND ADDRESSES OF ADDITIONAL PARTIES ON A SEPARATE SHEET. ALL PARTY INFORMATION IS REQUIRED INCLUDING ZIP CODES & PARTY INFORMATION MUST MATCH THE PLEADING, PLEASE DO NOT STAPLE THE COVER SHEET TO THE PLEADING. IF AN EVENT NEEDS TO BE SCHEDULED, A CAO SCHEDULING COVER SHEET MUST ALSO BE ATTACHED.

TYPE OF ACTION:

For Prothonotary use only:
DOCKET NO: CI-   **17-05202**

## PARTY INFORMATION

PLAINTIFF'S NAME:
**DAVID A. KRANTZ**

DEFENDANT'S NAME:
**1. PEERLESS INDEMNITY INSUR CO**
**2. OHIO CASUALTY INSUR CO**
**3. LIBERTY MUTUAL INSURANCE GROUP**

ADDRESS: (if confidential, use 2nd sheet)
**154 Oak Road, Conestoga, PA 17516**

ADDRESS:
**1. 62 Maple Avenue, Keene, NH 03431**
**2. 9450 Seward Road, Fairfield, OH 45014**
**3. 175 Berkeley Street, 9th Fl, Boston, MA 02116**

MUNICIPALITY/TWP:
**Manor**

MUNICIPALITY/TWP:
**1. Out-of-State**
**2. Out-of-State**
**3. Out-of-State**

DOB:
**05/18/1987**

DOB:
**N/A**

TELEPHONE #:
**717-872-1659**

TELEPHONE #:
**1. 800-332-3226**
**2. 814-849-1974**
**3. 617-357-9500**

## FILING ATTORNEY/FILING PARTY INFORMATION

FIRM/OFFICE: **THE FLOYD LAW FIRM**
FILING ATTORNEY/PARTY: **THOMAS J. FLOYD, JR.**   AOPC (Attorney ID) #: 39026

ADDRESS: **8 NORTH QUEEN STREET, STE 1102**
CITY: **LANCASTER**                STATE: **PA**        ZIP CODE: 17603
TELEPHONE #: **(717) 392-3388**        E-MAIL: **TOM@TOMFLOYDLAWFIRM.COM**
FAX #: **(717) 293-8892**

## TAX LIEN INFORMATION

MAP REFERENCE:
WARD:
DEED BOOK:
PROPERTY DESCRIPTION:
TAX YEAR:

MUNICIPALITY:
SALE PRICE:
DEED PAGE:
DEED DATE:
TAX LIEN AMOUNT:

## PFA INFORMATION

HEARING DATE:
POLICE DEPARTMENT:

SOCIAL SECURITY # (defendant-last 4 digits)
PREVIOUS PETITIONS:

# Supreme Court of Pennsylvania

## Court of Common Pleas
### Civil Cover Sheet

**LANCASTER** _____ County

*For Prothonotary Use Only:*

*Docket No:*

**17-05202**

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- [ ] Complaint
- [X] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:**
DAVID A. KRANTZ

**Lead Defendant's Name:** PEERLESS INDEMNITY INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY t/d/b/a LIBERTY MUTUAL INSURANCE a LIBERTY MUTUAL INSURANCE GROUP

**Are money damages requested?** [X] Yes  [ ] No

Dollar Amount Requested: (check one)
- [X] within arbitration limits
- [ ] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [X] No

**Is this an *MDJ Appeal*?** [ ] Yes  [X] No

**Name of Plaintiff/Appellant's Attorney:** THOMAS J. FLOYD, JR., 8 N QUEEN ST, STE 1102, LANCASTER, PA 17603

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [X] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Jul 03 2018 01:24PM
Roy Latshaw

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN     **CI-17-05202**
By: Brigid Q. Alford, Esquire
Attorney I.D. No. 38590
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone:  (717) 651-3710
bqalford@mdwcg.com
Our File No. 12175-00593
*Attorney for Defendants*

---

| | |
|---|---|
| DAVID A. KRANTZ, | : IN THE COURT OF COMMON PLEAS OF |
|          Plaintiff | : LANCASTER COUNTY, PENNSYLVANIA |
| | : |
| v. | : NO. CI-17-05202 |
| | : |
| | : CIVIL ACTION – LAW |
| PEERLESS INDEMNITY INSURANCE | : |
| COMPANY, OHIO CASUALTY | : JURY TRIAL DEMANDED |
| INSURANCE COMPANY t/d/b/a | : |
| LIBERTY MUTUAL INSURANCE and | : |
| LIBERTY MUTUAL INSURANCE | |
| GROUP, | |
|          Defendants | |

## ENTRY OF APPEARANCE



CI-17-05202

Kindly enter the appearance of Brigid Q. Alford, Esquire, and Marshall, Dennehey,

Warner, Coleman & Goggin on behalf of Defendants Peerless Indemnity Insurance Company,

Ohio Casualty Insurance Company t/d/b/a Liberty Mutual Insurance and Liberty Mutual

Insurance Group, in the above-captioned case.


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**


BY: _____

Brigid Q. Alford, Esquire
Attorney I.D. No. 38590
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
Telephone: (717) 651-3710
Facsimile: (717) 651-3707
*Attorney for Defendants*

CI-17-05202

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of *the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Defendants</u>

Signature: _____

Name: <u>Brigid Q. Alford, Esquire</u>

Attorney No. (if applicable): <u>38590</u>

CI-17-05202

## CERTIFICATE OF SERVICE

I, Brigid Q. Alford, Esquire, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing and US Postal Service on the date specified below:

Thomas J. Floyd, Jr., Esquire
The Floyd Law Firm
Griest Building, Suite 1102
Eight North Queen Street
Lancaster, PA 17603
*Attorney for Plaintiff*

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
            Brigid Q. Alford, Esquire
            *Attorney for Defendants*

Dated:

ENTERED AND FILED
PROTHONOTARY'S OFFICE
CI-17-05202
LANCASTER, PA
***Electronically Filed***
**Jul 03 2018 01:24PM**
**Roy Latshaw**

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN        **CI-17-05202**
By:  Brigid Q. Alford, Esquire
Attorney I.D. No. 38590
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone:  (717) 651-3710
bqalford@mdwcg.com
Our File No. 12175-00593
*Attorney for Defendants*

| | | |
|---|---|---|
| DAVID A. KRANTZ, | : | IN THE COURT OF COMMON PLEAS OF |
| Plaintiff | : | LANCASTER COUNTY, PENNSYLVANIA |
| | : | |
| v. | : | NO. CI-17-05202 |
| | : | |
| | : | CIVIL ACTION – LAW |
| PEERLESS INDEMNITY INSURANCE | : | |
| COMPANY, OHIO CASUALTY | : | JURY TRIAL DEMANDED |
| INSURANCE COMPANY t/d/b/a | : | |
| LIBERTY MUTUAL INSURANCE and | : | |
| LIBERTY MUTUAL INSURANCE | | |
| GROUP, | | |
| Defendants | | |

## PRAECIPE FOR RULE TO FILE COMPLAINT



CI-17-05202

TO THE PROTHONOTARY:

Kindly issue a Rule directing Plaintiff to file a Complaint in the above-referenced matter within twenty (20) days of service thereof or risk a judgment of Non Pros.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____

Brigid Q. Alford, Esquire
Attorney I.D. No. 38590
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
Telephone: (717) 651-3710
Facsimile: (717) 651-3707
*Attorney for Defendants*

CI-17-05202

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of *the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Defendants</u>

Signature: _____

Name:  <u>Brigid Q. Alford, Esquire</u>

Attorney No. (if applicable): <u>38590</u>

CI-17-05202

## CERTIFICATE OF SERVICE

I, Brigid Q. Alford, Esquire, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing and US Postal Service on the date specified below:

Thomas J. Floyd, Jr., Esquire
The Floyd Law Firm
Griest Building, Suite 1102
Eight North Queen Street
Lancaster, PA 17603
*Attorney for Plaintiff*

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____
Brigid Q. Alford, Esquire
*Attorney for Defendants*

Dated:

CI-17-05202

| | | |
|---|---|---|
| DAVID A. KRANTZ, | : | IN THE COURT OF COMMON PLEAS OF |
| Plaintiff | : | LANCASTER COUNTY, PENNSYLVANIA |
| | : | |
| v. | : | NO. CI-17-05202 |
| | : | |
| | : | CIVIL ACTION – LAW |
| PEERLESS INDEMNITY INSURANCE | : | |
| COMPANY, OHIO CASUALTY | : | JURY TRIAL DEMANDED |
| INSURANCE COMPANY t/d/b/a | : | |
| LIBERTY MUTUAL INSURANCE and | : | |
| LIBERTY MUTUAL INSURANCE | : | |
| GROUP, | | |
| Defendants | | |

TO:   David A. Krantz, Esquire
        c/o Thomas J. Floyd, Jr., Esquire
        The Floyd Law Firm
        Griest Building, Suite 1102
        Eight North Queen Street
        Lancaster, PA 17603

## RULE TO FILE COMPLAINT

A Rule is hereby issued for you to file a Complaint in the above captioned matter within

twenty (20) days of service of this Rule or a judgment of non pros will be entered against you

pursuant to Pa. R. Civ. P. 1037(a).

Dated:_____        _____

                               Katherine Wood-Jacobs, Prothonotary

CI-17-05202

DAVID A. KRANTZ,  :  IN THE COURT OF COMMON PLEAS OF
              Plaintiff  :  LANCASTER COUNTY, PENNSYLVANIA
                                         :
v.  :  NO. CI-17-05202
                                         :
                                         :  CIVIL ACTION – LAW
PEERLESS INDEMNITY INSURANCE  :
COMPANY, OHIO CASUALTY  :  JURY TRIAL DEMANDED
INSURANCE COMPANY t/d/b/a  :
LIBERTY MUTUAL INSURANCE and  :
LIBERTY MUTUAL INSURANCE  :
GROUP,  :
              Defendants

TO:   David A. Krantz, Esquire
       c/o Thomas J. Floyd, Jr., Esquire
       The Floyd Law Firm
       Griest Building, Suite 1102
       Eight North Queen Street
       Lancaster, PA 17603

## RULE TO FILE COMPLAINT

A Rule is hereby issued for you to file a Complaint in the above captioned matter within

twenty (20) days of service of this Rule or a judgment of non pros will be entered against you

pursuant to Pa. R. Civ. P. 1037(a).

Dated: July 6, 2018

Katherine Wood-Jacobs

Katherine Wood-Jacobs, Prothonotary



EXHIBIT
D

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION—LAW

DAVID A. KRANTZ                          :

       *Plaintiff,*                   :

vs.                                      :    Docket No. CI-17-05202

PEERLESS INDEMNITY INSURANCE             :
COMPANY, OHIO CASUALTY                    :
INSURANCE COMPANY t/d/b/a LIBERTY         :
MUTUAL INSURANCE and LIBERTY              :
MUTUAL INSURANCE GROUP                    :
                                         :
      *Defendants.*                  :

*ENTERED AND FILED*
*2018 JUL 27 PH 2:30*
*PROTHONOTARY'S OFFICE*
*LANCASTER, PA*

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Court Administrator
Office of Court Administration
50 North Duke Street
P.O. Box 3480
Lancaster, Pennsylvania 17603-1881
(717) 299-8041

THE FLOYD LAW FIRM
BY: Thomas J. Floyd, Esq.
Attorney I.D. #39026
8 North Queen Street, Ste 1102
Lancaster, PA 17603
(717) 392-3388

Attorney for Plaintiff(s)

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

DAVID A. KRANTZ                                  :
         *Plaintiff,*                           :
                                          :
         vs.                              :    Docket No. CI-17-05202
                                          :
PEERLESS INDEMNITY INSURANCE     :
COMPANY, OHIO CASUALTY           :
INSURANCE COMPANY t/d/b/a LIBERTY :
MUTUAL INSURANCE and LIBERTY     :
MUTUAL INSURANCE GROUP           :
                                          :
         *Defendants.*                         :

## COMPLAINT

1.    Plaintiff is David A. Krantz, an adult individual residing at 154 Oak Road, Conestoga,

Pennsylvania, 17516.

2.    Defendant Peerless Indemnity Insurance Company (hereinafter "Peerless") is a

New Hampshire corporation with a principal place of business at 62 Maple Avenue, Keene, NH

03431, which regularly conducts business in the Commonwealth of Pennsylvania and which has

been authorized by the Pennsylvania Insurance Commissioner to write, offer, sell and/or issue

policies of automobile insurance in the Commonwealth of Pennsylvania.

3.    Defendant Ohio Casualty Insurance Company is an Ohio corporation with a principal

place of business at 9450 Seward Road, Fairfield, OH 45014, which regularly conducts business

in the Commonwealth of Pennsylvania and which has been authorized by the Pennsylvania

Docket No. CI-17-05202

Insurance Commissioner to write, offer, sell and/or issue policies of automobile insurance in the Commonwealth of Pennsylvania.

4.      Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with a principal place of business at 175 Berkeley Street, 9th Floor, Boston, MA 02116, which regularly conducts business in the Commonwealth of Pennsylvania and which has been authorized by the Pennsylvania Insurance Commissioner to write, offer, sell and/or issue policies of automobile insurance in the Commonwealth of Pennsylvania.

5.      At all times material and relevant to Plaintiff's cause or causes of action, Defendants regularly conducted business in Lancaster County, issued and sold policies of insurance in Lancaster County and maintained agencies in Lancaster County.

6.      On or about July 27, 2012, Plaintiff was a passenger in a motor vehicle owned and operated by Justin Miller, (hereinafter, "Tortfeasor") who was operating his motor vehicle eastbound on Columbia Avenue in Lancaster County, Pennsylvania when, suddenly and without warning to Plaintiff, Tortfeasor made an illegal, unlawful and unsafe left-hand turn against traffic in an attempt to enter a parking lot and collided with a motor vehicle properly and lawfully proceeding westbound on Columbia Avenue, causing serious, debilitating, chronic and permanent injuries and damages to Plaintiff as described herein.

7.      The Tortfeasor's negligence, negligency per se, carelessness and recklessness in the operation of his motor vehicle was the sole, factual, direct, legal and proximate cause of the aforesaid motor vehicle accident and the personal injuries and damages to Plaintiff as described herein.

Docket No. CI-17-05202

8.     As a sole, factual, direct, legal and proximate result of the aforesaid negligence, negligence per se, carelessness and recklessness of the Tortfeasor, Plaintiff suffered severe, serious, permanent and debilitating personal injuries and damages, including but not limited to the following:

 a. Multi-level lumbar disc protrusions and/or herniations, lumbar disc disease, lumbar sprain/strain, lumbar myofascitis and intervertebral disc displacement, with radiculopathy, pain, stiffness, spasms, tenderness, numbness, parasthesia, tingling, and limited and restricted ranges of motion;

 b. Surgical intervention in the nature of a bilateral L5-S1 decompression with lumbar interbody fusion and internal fixation;

 c. Permanent scarring and disfigurement of the low back as a result of surgical repair;

 d. Severe depression, PTSD and painkiller dependence requiring professional care and treatment;

 e. Post-traumatic headaches with dizziness;

 f. Severe shock to the nervous system and musculature;

 g. Past, present and future pain and suffering;

 h. Past, present and future medical expenses and medical special damages;

 i. Past, present and future loss of life's pleasures;

 j. Past, present and future anxiety, inconvenience, embarrassment, mental anguish, depression and emotional distress; and

 k. Other injuries the exact nature of which have not yet been ascertained.

Docket No. CI-17-05202

9.     As a sole, factual, direct, legal and proximate result of the Tortfeasor's negligence, negligence per se, carelessness and recklessness as described herein, Plaintiff was required to undergo extensive medical care, therapy and treatment, including but not limited to invasive surgery and painful facet injections, all at great expense and inconvenience, and Plaintiff has suffered chronic and permanent injuries which may require future medical care, therapy and treatment, including future surgerical procedures with attendant medical expenses.

10.    As a sole, factual, direct, legal and proximate result of the Tortfeasor's negligence, negligence per se, carelessness and recklessness as described herein, Plaintiff has incurred medical special damages in excess of $227,182 and Plaintiff has suffered chronic and permanent injuries which may result in future medical special damages.

11.    As a sole, factual, direct, legal and proximate result of the Tortfeasor's negligence, negligence per se, carelessness and recklessness as as described herein, Plaintiff has suffered periods of both total and partial disability as a result of his injuries, incurring unliquidated special damages in excess of $49,592 in wage loss, and Plaintiff has suffered chronic and permanent injuries which may result in future lost wages and lost earning potential.

12.    As a sole, factual, direct, legal and proximate result of the Tortfeasor's negligence, negligence per se, carelessness and recklessness as described herein, Plaintiff has been unable to carry on or perform his normal routine daily activities and hobbies, having suffered the loss of life's pleasures and leisure pursuits, and Plaintiff has suffered permanent and chronic injuries which will interfere with such activities for an indefinite time into the future.

13.    On March 22, 2013, Defendants provided written consent to Plaintiff to settle his third party liability claims against the Tortfeasor and his carrier for Twenty Five Thousand Dollars ($25,000), the liability limits on said policy, and to execute a general release in favor of both the Tortfeasor and Nationwide Insurance Company.

14.    Shortly thereafter, Plaintiff settled his underlying liability claim for the Twenty-Five Thousand Dollar liability limits available on the Tortfeasor's policy.

15.    At the time of this accident, Plaintiff was insured by both Progressive Insurance Company and Defendants as a resident relative of his parents' household.

16.    On February 12, 2014, Progressive Insurance Company settled Plaintiff's underinsured motorist claim under Progressive's policy for its UIM limits of Sixty Thousand Dollars ($60,000).

17.    On July 14, 2014, Defendants tendered to Plaintiff Sixty Two Thousand Five Hundred Dollars ($62,500) of their alleged One Hundred Thousand Dollar ($100,000) underinsured motorist limits but refused and have continued to refuse to pay in good faith the remaining Thirty Seven Thousand Five Hundred Dollars ($37,500) in available UIM coverage on their policy despite repeated demands by Plaintiff and despite acknowledging that Plaintiff's damages far exceed their remaining UIM coverage limit.

18.    Defendants' refusal to tender their underinsured motorist limits is based upon their bad faith reliance on an invalid and unlawful set off provision in their policy which attempts to limit the maximum UIM recovery under multiple UIM policies to "the highest applicable limits for any one vehicle under any one policy."

Docket No. CI-17-05202

19.     This illegal, invalid and unlawful set off language, which is contrary to the language of the

Pennsylvania Motor Vehicle Financial Responsibility Law and against public policy, is set forth in

Defendants' UIM Coverage Endorsement, a copy of which is attached hereto & incorporated herein

by reference as Exhibit A.

20.     At the time of the aforesaid collisions and at all relevant and material times, Plaintiff was

insured by Defendants under Peerless policy number 33P W630813, a true and correct copy of select

portions said policy being attached hereto and incorporated herein by reference as Exhibit B. The

remaining portions of said policy are in the possession of Defendants.

21.     Pursuant to the aforesaid policy, specifically the section entitled "Underinsured Motorist

Coverage - Pennsylvania" Defendants agree to pay "compensatory damages which an insured is

legally entitled to recover from the owner or operator of an underinsured motor vehicle because of

bodily injury".

22.     Plaintiff believes and therefore avers that the aforesaid Peerless  policy provides underinsured

motorist coverage to Plaintiff for this accident in an amount between One Hundred Thousand Dollars

($100,000) and Five Hundred Thousand Dollars ($500,000) depending on Defendants' ability to

produce a valid stacking waiver pursuant to §1738 of the Pennsylvania Financial Responsibility Law,

75 Pa. C.S.A. §1738.

23.     At all times material and relevant to Plaintiff's cause or causes of action, Plaintiff

was an insured on Defendants' policy and was an intended beneficiary of this insurance policy.

24.     Plaintiff has provided Defendants with all of his medical and special damages, complete

treatment records, medical expense specials, all subrogation liens, and all pain and suffering

Docket No. CI-17-05202

evaluations, and Plaintiff has presented an underinsured motorist claim to Defendants requesting payment of the underinsured motorist limits available under Defendants' policy.

25.     On December 17, 2013, Plaintiff made a written demand upon Defendants in the amount of the  policy limits for underinsured motorist coverage and benefits due under the policy based upon Plaintiff's injuries as reflected in the documentation provided to Defendants, and Plaintiff has continuously demanded payment of all of Defendants' underinsured motorist coverage benefits.

26.     Despite subsequent discussions with Defendants and repeated demands, Defendants have to date failed and refused to make any good faith offers, reasonably or rationally based on the evidence it has been provided, especially where Plaintiff's damages from this motor vehicle accident clearly exceed One Hundred Eighty Five Thousand Dollars ($185,000).

27.     Plaintiff has fully complied with all the terms, conditions and duties required under Defendants' policy, but only a portion of the available UIM benefits have been tendered to Plaintiff to date.

28.     Defendants have failed to objectively and fairly evaluate the Plaintiff's underinsured motorist claim as required by the policy.

29.     Defendants have failed to promptly tender payment of the full reasonable and fair value of Plaintiff's underinsured motorist claim.

30.     Defendants have failed to reasonably investigate Plaintiff's underinsured motorist claim in as much as a thorough and proper inquiry would have revealed that Plaintiff sustained serious injuries to his lumbar spine, musculature and nervous system.

31.     As an insured, Plaintiff is owed by Defendants a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate this underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement of Plaintiff's claim.

Docket No. CI-17-05202

32.     Defendants have failed to reasonably handle and/or investigate Plaintiff's underinsured

motorist claim as proper inquiry and/or handling would reveal the true value of Plaintiff's claim.

33.     Despite repeated demands, Defendants have failed to pay, offer to pay or render the full true

value or any fair and reasonable value of Plaintiff's underinsured motorist claims under its policy.

34.     Defendants' continued bad faith reliance upon and assertion of the invalid and unlawful set

off provision of its policy constitutes a material breach of the Insurance Agreement as well as a

violation of the Unfair Insurance Practices Act entitling Plaintiff to bad faith and other damages

pursuant to said statute.

35.     For the reasons set for above, Defendants have violated its obligations and duties under the

policy of insurance, including its fiduciary duties, and have breached that policy, and Plaintiff has

incurred extensive damages as a result of Defendants' breach.

        WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment

against Defendants in excess of  Fifty Thousand Dollars ($50,000) plus interest, delay damages, costs

of suit and such other damages as allowed by law or in equity.

                                        Respectfully submitted,


                                        THOMAS J. FLOYD, JR.
                                        *Attorney for Plaintiff*
                                        8 North Queen Street, Ste 1102
                                        Lancaster, Pennsylvania, 17603
                                        (717) 392-3388
                                        I.D. No. 39026

Docket No. CI-17-05202

**EXHIBIT A**

Docket No. CI-17-05202

**EXHIBIT B**

Docket No. CI-17-05202

## CERTIFICATE OF SERVICE

I, Thomas J. Floyd, Jr., hereby certify that on this date I have served a copy of the foregoing Complaint upon the following individuals in the manner indicated below:

First Class Mail, Addressed as Follows:

Brigid Q. Alford, Esq.
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011

Thomas J. Floyd, Jr.
*Attorney for Plaintiff*
8 North Queen Street, Ste 1102
Lancaster, PA 17603
(717) 392-3388
I.D. No. 39026

Dated: _____

Docket No. CI-17-05202

**EXHIBIT A**

POLICY NUMBER:

PERSONAL AUTO
PP 04 17 05 10

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### UNDERINSURED MOTORISTS COVERAGE – PENNSYLVANIA (NON-STACKED)

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### SCHEDULE

| Underinsured Motorists Coverage | $ | | Each Person |
| --- | --- | --- | --- |
| | $ | | Each Accident |

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

**1.** Sustained by an "insured"; and

**2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

We will pay under this coverage only if **1.** or **2.** below applies:

**1.** The limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" have been exhausted by payment of judgments or settlements; or

**2.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

**a.** Have been given prompt written notice of such tentative settlement; and

**b.** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

No judgment for damages arising out of a suit brought against the owner or operator of an "underinsured motor vehicle" is binding on us unless we:

**1.** Received reasonable notice of the pendency of the suit resulting in the judgment; and

**2.** Had a reasonable opportunity to protect our interests in the suit.

**B.** "Insured" as used in this endorsement means:

**1.** You or any "family member".

**2.** Any other person "occupying" "your covered auto".

**3.** Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle or equipment:

**1.** For which liability coverage is provided under Part **A** of this policy.

**2.** Operated on rails or crawler treads.

**3.** Designed mainly for use off public roads while not on public roads.

**4.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

**1.** By you while "occupying", or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

PP 04 17 05 10

© Insurance Services Office, Inc., 2009

2. By a "family member":

   a. Who owns an auto, while "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   b. Who does not own any auto, while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured":

   1. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion (B.1.) does not apply to a share-the-expense car pool.

   2. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (B.2.) does not apply to a "family member" using "your covered auto" which is owned by you.

C. We do not provide Underinsured Motorists Coverage for "noneconomic loss" sustained by any "insured" to whom the limited tort alternative applies, resulting from "bodily injury" caused by an accident involving an "underinsured motor vehicle", unless the "bodily injury" sustained is a "serious injury".

   This Exclusion (C.) does not apply if that "insured" is injured while "occupying" a motor vehicle insured under a commercial motor vehicle insurance policy.

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

   1. Workers' compensation law; or

   2. Disability benefits law.

E. We do not provide Underinsured Motorists Coverage for punitive or exemplary damages.

**LIMIT OF LIABILITY**

A. The Limit Of Liability shown in the Schedule or in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by one person in any one accident. Subject to this limit for each person, the Limit Of Liability shown in the Schedule or in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

   1. "Insureds";

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A, Part B or Part C of this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

   1. Workers' compensation law; or

   2. Disability benefits law.

**OTHER INSURANCE**

If there is other applicable insurance available under more than one policy or provision of coverage that is similar to the insurance provided by this endorsement:

The following priorities of recovery apply:

| First | The Underinsured Motorists Coverage applicable to the vehicle the "insured" was occupying at the time of the accident |
|-------|------------------------------------------------------------------------------------------------------------------------|
| Second | The policy affording Underinsured Motorists Coverage to the "insured" as a named insured or family member |

   1. When there is applicable insurance available under the First priority:

   a. The limit of liability applicable to the vehicle the "insured" was "occupying", under the policy in the First priority, shall first be exhausted; and

   b. The maximum recovery under all policies in the Second priority may equal but not exceed the highest applicable limit of liability for Underinsured Motorists Coverage for any one vehicle under any one policy providing coverage to you or any "family member".

© Insurance Services Office, Inc., 2009

2. When there is no applicable insurance available under the First priority, the maximum recovery under all policies in the Second priority shall not exceed the highest applicable limit for any one vehicle under any one policy.

If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

## ARBITRATION

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "underinsured motor vehicle" then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding.

## ADDITIONAL DUTIES

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

## PART F – GENERAL PROVISIONS

The following is added to the **Our Right To Recover Payment** Provision of Part F:

**Our Right To Recover Payment**

Our rights do not apply under Paragraph A. with respect to Underinsured Motorists Coverage if we:

1. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

2. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

2. We also have a right to recover the advanced payment.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

Docket No. CI-17-05202

**EXHIBIT B**

*410800133PW63081303PA33PR010*

DAVID KRANTZ
154 OAK RD
CONESTOGA  PA   17516-9220

00009

Ohio Casualty
9450 Seward Road
Fairfield, OH 45014-5456

INSURED COPY



Coverage is provided in:
## PEERLESS INDEMNITY INSURANCE COMPANY

This policy has been prepared for:
DAVID KRANTZ
154 OAK RD
CONESTOGA PA  17516-9220

HOME OFFICE ADDRESS:
9450 Seward Road
Fairfield, OH  45014

Agent Name and Address:

ROSS INSURANCE AGENCY LLC
1496 LITITZ PIKE
LANCASTER PA  17601-6500

Agent Code:  3710575

Agent's Phone Number:  (717)-397-4729

THE FOLLOWING NOTICE APPLIES ONLY IF THIS IS A PERSONAL AUTO POLICY OR A PACKAGE POLICY INCLUDING A PERSONAL AUTO POLICY:

IMPORTANT NOTICE CONCERNING COLLISION DAMAGE FOR RENTAL VEHICLES:

IF YOU HAVE PURCHASED COLLISION COVERAGE ON AT LEAST ONE OF YOUR OWNED VEHICLES UNDER THIS POLICY AND THERE IS A LOSS TO A RENTAL VEHICLE, WE WILL PROVIDE THE BROADEST COVERAGE APPLICABLE TO ANY "YOUR COVERED AUTO" SHOWN IN THE DECLARATIONS. ANY APPLICABLE DEDUCTIBLE TO "YOUR COVERED AUTO" WILL APPLY.

Your insurance policy is enclosed. Please place it with your important papers.

Thank you for selecting us to service your insurance needs!

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## \* PLEASE SEE VEHICLE ID CARDS ENCLOSED          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MPAML (11/07)



**Ohio Casualty**
Member of Liberty Mutual Group

| Policy Number: 33P W630813 | Prior Policy:  33P W630813 | |
|---|---|---|
| Policy Period:  06/15/2012   To: 06/15/2013   12:01 am Standard Time at the Mailing Address of the Named Insured | | |
| Coverage Is Provided In   PEERLESS INDEMNITY INSURANCE COMPANY | | |
| Billing Type: DIRECT BILL       -       QUARTERLY | | |

| Named Insured and Mailing Address: | Agent: |
|---|---|
| DAVID KRANTZ<br>154 OAK RD<br>CONESTOGA PA   17516-9220 | ROSS INSURANCE AGENCY LLC<br>1496 LITITZ PIKE<br>LANCASTER PA   17601-6500<br><br>Agent Code: 3710575      Agent Phone: (717) 397-4729 |

PERSONAL  AUTO  POLICY

-------------------------------------- PREMIUM SUMMARY --------------------------------------

THIS IS NOT A BILL. YOU WILL RECEIVE A SEPARATE BILL FOR THIS TRANSACTION.

| Reason for Transaction | RENEWAL | Base Coverage Premium | $ | 2,578.00 |
|---|---|---|---|---|
| Transaction Effective Date | 06/15/2012 | Additional Coverage Premium | $ | 0.00 |
| Premium For This Transaction  $ | 2,500.00 | Credits and Debits | $ | −78.00 |
| | | Total Policy Premium | $ | 2,500.00 |

-------------------------------------- VEHICLES  COVERED --------------------------------------

| Veh | Yr | Make | Model | Vehicle ID Number | Sym | Type | St Amt | C/New |
|---|---|---|---|---|---|---|---|---|
| 001 | 1996 | VLKS | CABRIO | WVWBB81E3TK011918 | 17 | | | |
| 002 | 2011 | TOYO | CAMRY | 4T1BF3EK0BU717377 | 16 | | | |
| 003 | 1995 | CHEV | PICKUP1500 | 2GCEK19K4S1132678 | 11 | | | |
| 004 | 2007 | DODG | RAM | 1D7KS28A475615608 | 18 | | | |
| 005 | 1998 | VLKS | JETTA GL | 3VWRA81H5WM242177 | 14 | | | |

-------------------------------------- BASE COVERAGES AND PREMIUMS --------------------------------------

Insurance is provided where a premium entry is shown for the coverage.

| LIABILITY COVERAGES | Limits of Liability | | Premium | | |
|---|---|---|---|---|---|
| | | | VEH 001 | VEH 002 | VEH 003 |
| Bodily Injury | $   100,000 Each Person and | | | | |
| | $   300,000 Each Accident | | $   84.00 | $   95.00 | $   84.00 |
| Property Damage | $   100,000 Each Accident | | $   71.00 | $   81.00 | $   71.00 |
| Uninsured Motorist Bodily | $   100,000 Each Person and | | | | |
| Injury | $   300,000 Each Accident | | $   58.00 | $   58.00 | $   58.00 |
| Underinsured Motorist Bodily | $   100,000 Each Person and | | | | |
| Injury | $   300,000 Each Accident | | $   78.00 | $   78.00 | $   78.00 |
| First Party Benefits Coverage | | | | | |
| Basic First Party Benefit | | | $   43.00 | $   49.00 | $   43.00 |
| Full Tort Option | | | INCLUDED | INCLUDED | INCLUDED |

PA (07/96)

PERSONAL AUTO POLICY (continued)

------------------------- BASE COVERAGES AND PREMIUMS -------------------------

| PHYSICAL DAMAGE COVERAGES | Limits of Liability | | Premium | | |
|---|---|---|---|---|---|
| | | | | VEH 001 | VEH 002 | VEH 003 |
| Other Than Collision | Actual Cash Value | | | $ 102.00 | $ 26.00 |
| Less Deductible of: | VEH 001 $ 100 | VEH 002 $ 100 | VEH 003 | | |
| Collision | Actual Cash Value | | | $ 261.00 | $ 66.00 |
| Less Deductible of: | VEH 001 $ 500 | VEH 002 $ 500 | VEH 003 | | |

| LIABILITY COVERAGES | Limits of Liability | | Premium | |
|---|---|---|---|---|
| | | | VEH 004 | VEH 005 |
| Bodily Injury | $ 100,000 Each Person and | | | |
| | $ 300,000 Each Accident | | $ 84.00 | $ 84.00 |
| Property Damage | $ 100,000 Each Accident | | $ 71.00 | $ 71.00 |
| Uninsured Motorist Bodily | $ 100,000 Each Person and | | | |
| Injury | $ 300,000 Each Accident | | $ 58.00 | $ 58.00 |
| Underinsured Motorist Bodily | $ 100,000 Each Person and | | | |
| Injury | $ 300,000 Each Accident | | $ 78.00 | $ 78.00 |
| First Party Benefits Coverage | | | | |
| Basic First Party Benefit | | | $ 43.00 | $ 43.00 |
| Full Tort Option | | | INCLUDED | INCLUDED |

| PHYSICAL DAMAGE COVERAGES | Limits of Liability | | Premium | |
|---|---|---|---|---|
| | | | VEH 004 | VEH 005 |
| Other Than Collision | Actual Cash Value | | $ 85.00 | $ 39.00 |
| Less Deductible of: | VEH 004 $ 100 | VEH 005 $ 100 | | |
| Collision | Actual Cash Value | | $ 208.00 | $ 94.00 |
| Less Deductible of: | VEH 004 $ 500 | VEH 005 $ 500 | | |

------------------------------ CREDITS AND DEBITS ------------------------------

| Veh | Title | Premium |
|---|---|---|
| 001 | PASSIVE RESTRAINT DISCOUNT | $ -13.00 |
| 002 | PASSIVE RESTRAINT DISCOUNT | $ -15.00 |
| 002 | ANTI-THEFT DISCOUNT | $ -15.00 |
| 003 | PASSIVE RESTRAINT DISCOUNT | $ -9.00 |
| 004 | PASSIVE RESTRAINT DISCOUNT | $ -13.00 |
| 005 | PASSIVE RESTRAINT DISCOUNT | $ -13.00 |

----------------------------- VEHICLE PREMIUM SUMMARY -----------------------------

| Veh | Base Premium | Additional Coverages | Credits and Debits | Total Premium |
|---|---|---|---|---|
| 001 | $ 334.00 | $ 0.00 | $ -13.00 | $ 321.00 |
| 002 | $ 724.00 | $ 0.00 | $ -30.00 | $ 694.00 |
| 003 | $ 426.00 | $ 0.00 | $ -9.00 | $ 417.00 |
| 004 | $ 627.00 | $ 0.00 | $ -13.00 | $ 614.00 |
| 005 | $ 467.00 | $ 0.00 | $ -13.00 | $ 454.00 |
| | | | Total Policy Premium | $ 2,500.00 |

------------------------------- DRIVER INFORMATION -------------------------------

GS = Good Student Discount                           DT = Driver Training Discount

| Veh | Driver | License Number | St | Op | DOB | M/F | M/S | GS | DT |
|---|---|---|---|---|---|---|---|---|---|
| 002 | 01 DAVID KRANTZ | 15579949 | PA | P | 04/15/1952 | M | M | N | N |

PA (07/96)

INSURED COPY

| Policy Number: 33P W630813 |
|---|

| Coverage Is Provided In  PEERLESS INDEMNITY INSURANCE COMPANY |
|---|

| Named Insured:<br>DAVID KRANTZ | Agent:<br>ROSS INSURANCE AGENCY LLC<br><br>Agent Code: 3710575     Agent Phone: (717)-397-4729 |
|---|---|

PERSONAL  AUTO  POLICY          (continued)

------------------------------- DRIVER INFORMATION -----------------------------

GS = Good Student Discount

DT = Driver Training Discount

| Veh | Driver | License Number | St | Op | DOB | M/F | M/S | GS | DT |
|---|---|---|---|---|---|---|---|---|---|
| 003 | 02 HOPE KRANTZ | 17675694 | PA | P | 12/01/1956 | F | M | N | N |

------------------------------- RATING INFORMATION -----------------------------

| Veh | Class | | Use | Miles | Days | St | Territory | Multi-Car |
|---|---|---|---|---|---|---|---|---|
| 001 | 885120 | 01 | PLEASURE | | 5 | PA | 06K | Y |
| 002 | 885220 | 01 | WORK | 05 | 5 | PA | 06K | Y |
| 003 | 885120 | 01 | PLEASURE | | 5 | PA | 06K | Y |
| 004 | 885120 | 01 | PLEASURE | | 5 | PA | 06K | Y |
| 005 | 885120 | 01 | PLEASURE | | 5 | PA | 06K | Y |

----------------------------- ADDITIONAL INTERESTS -----------------------------

TOYOTA MOTOR CREDIT
PO BOX 3025
CORAOPOLIS  PA  15108-6912

Applies To:

| Veh | Interest | Loan Number |
|---|---|---|
| 002 | LOSS PAYEE | |

--------------------------- FORMS AND ENDORSEMENTS -----------------------------

Your insurance is comprised of the following forms:

| Veh | Form No. | Ed. Date | Veh | Form No. | Ed. Date | Veh | Form No. | Ed. Date |
|---|---|---|---|---|---|---|---|---|
| ALL | PP0551 | 0694 | ALL | PP0421 | 0510 | ALL | PP0417 | 0510 |
| ALL | PP0338 | 1298 | ALL | PP0001 | 0698 | ALL | PP0151 | 0698 |
| ALL | 90-701 | 0695 | ALL | PP1301 | 1299 | ALL | PP0301 | 0886 |
| ALL | 91-5PA | 1100 | ALL | PP0305 | 0886 | | | |

THIS IS NOT A BILL. YOU WILL BE BILLED SEPARATELY. At your request, your account has been placed on a Direct Bill payment schedule which is based on QUARTERLY      installments.  Please do not send payment now.  You will be receiving a separate invoice statement(s) based on the payment schedule that you selected.

Thank you for selecting us to service your insurance needs!

Date Issued: 04/05/2012

# ANYPAY PROGRAM
## THE ELECTRONIC PAYMENT OPTION

**Why ANYPAY?**

**One less check to write, one less stamp to buy, one less bill to mail...**

We now offer ANYPAY (Electronic Funds Transfer (EFT)), the fast convenient way to pay your insurance premiums by Automatic Checking Withdrawal or our special one-time withdrawal.

If you want to maintain control of your account but don't want to write a check, you can use the ANYPAY system to withdraw your payment anytime you receive your bill.

Payment Security: When you choose ANYPAY, to make your premium payments, you will never need to worry about the security of your payment. We work through your bank and can only deduct the amount authorized – and nothing more.

**Frequently Asked Questions**

**Q.  How does EFT Work?**

**A.**  With your authorization, your insurance premium will be transferred from the checking account of your choice either in full, or on a monthly or quarterly basis.

**Q.  How do I know my bill is paid?**

**A.**  Your payment information is itemized on your checking account statement.

**Q.  With automatic withdrawal, how do I plan my finances to ensure I will have enough money in my account on the date the payment will be withdrawn?**

**A.**  When you enroll in the ANYPAY program you may select the date for the withdrawal amount. Your payment will then be made on the same date of each month so that you can plan accordingly. If you request, we provide an option during enrollment that will allow you to receive a notice ten days in advance of each deduction.

**Q.  Are there any fees with recurring EFT pay plans?**

**A.**  No, another advantage to our ANYPAY program is there are no service charges or installment fees for recurring EFT.

**Q.  How do I enroll in ANYPAY?**

**A.**  To place your policy on automatic withdrawal or have your current installment taken out of your checking account, you may log into the Online Billing Service Center at www.ohiocasualty-ins.com/billing or complete the enclosed worksheet and call our toll free number, 1-800-690-5051.

SEE REVERSE SIDE FOR ENROLLMENT FORM

# ANYPAY ENROLLMENT WORKSHEET

**Instructions:**
Enrolling in ANYPAY is fast and easy. There are two options for you to choose from. You may log into our Online Billing Service Center at www.ohiocasualty-ins.com/billing and simply follow the instructions provided. Your second option is to enroll by phone. You may enroll by calling our toll free number 1-800-690-5051. The worksheet provided will assist you in the enrollment process and lists the information required in the same order as the Voice Response Unit will prompt you to enter. You may enroll at anytime during the policy period.

1. **Policy Number:** Please enter your policy number located in the top left hand corner of your policy declaration page ................................................................ □ □ □ . □ □ □ □ □ . □ □ □

2. **Payment Intervals:** You need to choose between having regularly scheduled withdrawals taken or doing a one-time payment withdrawal.
   - If you would like to set up an account authorizing regularly scheduled withdrawals, select **"1"** and continue on with completing the remainder of the worksheet ........................................... □
   - If you would like to do a one-time payment withdrawal, select **"2"** and complete items 3, 4 and 8 of the Worksheet ........................................................................................ □

3. **Bank Routing Number:** You will need the bank routing number that appears at the bottom of your check. It is the first nine (9) digits reading from left to right. Please be sure not to include any digits that represent the check number that may follow the bank routing number (this is common with commercial/business accounts) ......................................................... □ □ □ □ □ □ □ □ □



4. **Checking Account Number:** This is the series of numbers that immediately follow the bank routing number. Again please be sure not to include any digits that represent the check number that may be listed after the checking account number ......................................................... □ □ □ □ □ □ □ □ □

5. **Date of Withdrawal:** The withdrawal date shown will correspond with the effective day of your policy. If you prefer another day, you can specify the day of the month that you would like your payments withdrawn from your checking account. You can choose the 1st through the 28th of the month. The 1st day of the month would be entered as "1". If the withdrawal date selected is within ten days of the date of the enrollment, the withdrawal will be taken the following month. Policies enrolled on a monthly pay plan may have a multiple installment payment taken on the first withdrawal. ..................................................................... □

6. **Payment Option:** You will need to choose the selected intervals in which you would like to have withdrawals taken from your checking account. For monthly withdrawals select "1". For quarterly withdrawals select "2". For full policy balance to be withdrawn select "3" ...................................................................... □

7. **Notification of Withdrawal:** You will be asked when you want to receive notices of withdrawal from the company. You have two possible choices. By selecting "1", you will be notified only when there is a change in withdrawal amount in excess of $3.00. By selecting "2", you will be notified of every withdrawal made against your checking account ..................................................................... □

8. **Authorization:** In order for the company to be able to withdraw funds from your checking account, we need your authorization. You will be prompted to re-enter your policy number and to also enter your five (5) digit zip code. Your policy number will be the same number used in item one, and your zip code should be your mailing address zip code.

   Policy number: □ □ □ □ □ □ □ □ □ □

   Zip Code: □ □ □ □ □

INSURED COPY

# IMPORTANT NOTICE CONCERNING OUR
# INSURANCE INFORMATION PRACTICES

**PROTECTING YOUR RIGHT TO PRIVACY:** You have a right to privacy, and we are concerned about protecting this right. For that reason, we are providing you with this Insurance Information Practices Notice in accordance with the law. Although we encourage you to read this entire notice, here is a summary of the information contained in this notice as respects our obligations and your privacy rights:

- We must inform you of our information-gathering practices.
- You may have access to recorded personal information that we may have.
- You have a right to correct, amend or delete recorded personal information.
- You have a right to know the reason for an adverse underwriting decision.
- We have limited rights to disclose personal information about you.

**WHAT KIND OF INFORMATION IS COLLECTED ABOUT YOU:** In order to evaluate people or property for insurance properly, we need to collect certain information. As our customer, we believe you should know about our information practices.

You are the primary source of our information. The application which you complete with your agent generally tells us what we need to know. In the event that additional information is needed to complete your application, we will attempt to obtain this by contacting you through your agent.

For automobile insurance, we order motor vehicle records which contain information about accidents and violations. We may also order a consumer information report (also known as a credit report) from an independent insurance support organization or consumer reporting agency (such as Experian, Trans Union or Equifax). The information contained in these reports would relate to your driving record, use of the automobile and other similar details.

On insurance for homes, boats, recreational vehicles and other personal property, we may order a similar consumer information report to determine the condition of the property and the accuracy of the information you furnished on your application. These reports frequently include a photograph of the property to be insured.

We may review your credit report or obtain or use a credit-based insurance company score based on the information contained in the credit report. We may use a third party in connection with the development of your credit-based insurance score.

**HOW TO OBTAIN YOUR CREDIT REPORTS AND, IF NECESSARY, CORRECT THEM:** Equifax, Experian and Trans Union maintain their own credit information files. You can request copies of your credit reports from any or all of those bureaus by contacting them directly at:

   **Equifax:** 800-685-1111        **Experian:** 888-397-3742        **Trans Union:** 800-888-4213

We recommend that you review the information in your credit reports closely and, if you find any errors on a bureau's report, contact the bureau to have the information corrected.

**WHO HAS ACCESS TO INFORMATION ABOUT YOU:** We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. Under the law, we may share information about you contained in our files only with certain persons or organizations without your prior authorization. The types of persons or organizations with whom we may share this information include those who perform a business function for us: for example, businesses that help us with data processing; another insurance company; a reinsurance company; agent or consumer reporting agency; and medical professional (to inform the individual of a medical problem). We may also share information for the purpose of conducting scientific research, marketing a product or service, the marketing of an insurance service or product by an affiliate, determining eligibility for benefits or payments under a policy, responding to requests by regulatory authorities or other purposes permitted by law.

*For the purposes of this notice, the terms "we", "us" and "our" refer to the Company providing your insurance shown as "Coverage Is Provided In" on your Declarations.*

ST-PL-358 (08/06)                                                                                   Page 1 of 2

INSURED COPY

We may disclose all of the information we collect as described in this section to companies that provide marketing services on our behalf, or as part of a joint marketing agreement with other financial institutions, or to providers of products and services which are subject to appropriate confidentiality agreements.

Upon your request, we will provide you with a more complete description of the circumstances under which personal information may be disclosed without your prior authorization.

<u>HOW WE PROTECT INFORMATION.</u> We maintain physical, electronic, and procedural safeguards to protect your non-public personal information. These safeguards comply with applicable laws. We retain your information as long as required by law or regulation. The only employees or agents who have access to your information are those who must have it to provide products or services to you. We do not sell your information to mass marketing or telemarketing companies.

<u>HOW YOU CAN FIND OUT WHAT INFORMATION WE HAVE ABOUT YOU:</u> Upon written request to us, you have a right to either see a copy in person (or obtain a copy from us by mail) of whatever recorded personal information we have about you in our files. You must properly identify yourself when making this written request by supplying us with your full name, address and policy number, if applicable. We will, within thirty (30) business days from the date we receive your request, allow you to see and copy this information in person or send you a copy of the information if it is reasonably locatable and retrievable by us.

We will also tell you the identity, if known, of those persons to whom we have disclosed this personal information within the two years prior to your request. If the identity of such persons is not known, we will tell you the names of the persons to whom we normally disclose such information.

We are not required to give you access to certain kinds of information. This type of information is generally collected when we evaluate a claim under an insurance policy or when the possibility of a lawsuit exists.

You have a right to make a written request of us to correct, amend or delete any recorded personal information about you in our possession. If you make such a written request, we will, within thirty (30) business days from the date we receive it, correct, amend or delete the portion of the recorded personal information that you dispute; or notify you of our refusal to do so, the reasons for refusal and your right to file a supplementary statement disagreeing with our refusal.

If we agree to correct, amend or delete the recorded personal information in our possession about you, we will notify you in writing. We will furnish the correction, amendment or deletion to any person you specifically designate who may have, within the preceding two years, received the information from us. The correction, amendment or deletion will also be furnished to any insurance support organization which systematically receives such information with the information that has been corrected, amended or deleted.

If we refuse to correct, amend or delete the recorded personal information according to your request, you have the right to file a concise statement setting forth what you think is the correct, relevant, or fair information, and the reasons why you disagree with our refusal to correct, amend or delete the information. If you file either statement, we will file the statement with the disputed information so that anybody reviewing the disputed information will be made aware of your statement and have access to it. We will also, in any subsequent disclosure of the disputed information, clearly identify the matters in dispute and provide your statement along with the information being disclosed. We will also furnish your statement to any persons or insurance support organization to whom we previously provided the personal information in dispute.

<u>QUESTIONS REGARDING OUR PRIVACY PROCEDURES:</u> Should you have any questions about our procedures or information contained in your file, please contact your insurance agent or us.

***Thank you for selecting us to service your insurance needs!***

*For the purposes of this notice, the terms "we", "us" and "our" refer to the Company providing your insurance shown as "Coverage Is Provided In" on your Declarations.*

INSURED COPY

# IMPORTANT POLICYHOLDER NOTICE CONCERNING
## OUR USE OF INSURANCE BUREAU SCORING

This is a notice to advise you that we* used insurance bureau scoring as one of the factors to rate the enclosed policy and to provide you with information about how insurance bureau scoring is used for insurance rating purposes.

1. **What is an insurance bureau score?** An insurance bureau score is a numeric value derived from a statistical analysis of a consumer's credit history. It is based upon consumer credit information that, when combined with traditional underwriting data, such as claim histories or motor vehicle records, greatly improves our ability to predict the likelihood of a consumer filing an insurance claim in the future. A Consumer Reporting Agency obtains consumer credit information from a credit bureau and uses it to provide us with insurance bureau scores. The scores are determined through the use of a statistical model based upon specific elements of the consumer's credit history. Those elements include outstanding debt, length of credit history, late payments, new applications for credit, types of credit used, payment patterns, available credit, public records, and past due amounts. Because an insurance bureau score is a numeric value, it does not provide specifics about a consumer's credit record.

2. **What cannot be included in an insurance bureau score?** According to state and federal law, insurance bureau scoring cannot take into consideration certain factors such as: race, color, religion, national origin, gender, marital status, sexual orientation, age, location, salary, disability, occupation, title, employer, date employed or employment history. In addition, some state laws also prohibit the use of other factors for insurance bureau scoring such as: the absence of a credit history, medical expense debt, and credit record inquiries. Our use of insurance bureau scoring complies with state and federal law.

3. **Is a financially responsible consumer less likely to file a claim in the future?** Consumers who are responsible with their use of credit as demonstrated by their insurance bureau scores also tend to be responsible with other activities -- making them better insurance risks. For example, consumers with good credit habits demonstrate responsibility in home and auto maintenance. As a result, statistical analysis indicates that financially responsible consumers are less likely to file insurance claims in the future. Statistically, consumers with lower insurance bureau scores are more likely to file an insurance claim in the future.

4. **Does insurance bureau scoring benefit consumers?** The majority of consumers have good credit and, therefore, good insurance bureau scores. Since consumers with good insurance bureau scores receive more favorable premium charges, the majority of consumers are favorably impacted by the use of insurance bureau scoring.

5. **Does insurance bureau scoring benefit insurers?** We are committed to complying with insurance laws that require us to make sound, fair and objective business decisions and to comply with fair pricing statutes. Such business practices are in our best interests, as well as those of our policyholders and agents. Our use of insurance bureau scoring is one of the tools that enables us to comply with insurance laws. While that is the case, it is important to note that we do not make adverse decisions based solely upon credit or an insurance bureau score.

6. **How can a consumer improve his or her insurance bureau score?** Insurance bureau scores can be improved through sound financial management, e.g., by paying bills on time, paying down debt balances and not taking on unmanageable new debt. We also recommend that a consumer periodically review his or her credit report to assure the accuracy of credit history information. To conduct a credit review, a consumer should obtain a copy of his or her credit report, review it for accuracy and, if incorrect, contact the credit bureau that provided the report to get it corrected. The correction should also be brought to the attention of the consumer's independent insurance agent.

7. **How can you obtain a copy of your credit report?** The three credit bureaus shown below maintain credit information and provide credit reports to Consumer Reporting Agencies for use by a majority of insurers. Because the bureaus maintain their own credit history files, information may vary from bureau to bureau. For a fee, these bureaus provide consumers with credit reports. And, in some cases, they also provide consumers with insurance bureau scores. For that reason, you can request a copy of your credit report and inquire about your insurance bureau score at any time by contacting one or more of the bureaus directly at:

Experian: 888-397-3742          Equifax: 800-685-1111          Trans Union: 800-888-4213

If you have any questions regarding this notice, please contact your independent agent or us.

*Thank you for selecting us to service your insurance needs!*

*For the purposes of this notice, the terms "we", "us" and "our" refer to the company providing your insurance shown as "Coverage Is Provided In" on your Declarations.

ST-PL-75 (06/08)                                                                                     Page 1 of 1

# CONGRATULATIONS!
# YOU HAVE SPECIAL AUTOMOBILE COVERAGE!

**WE HAVE AUTOMATICALLY INCREASED THE PROTECTION PROVIDED BY YOUR PERSONAL AUTO POLICY AT NO ADDITIONAL CHARGE!\***

You have the security of knowing that you have a Personal Auto Policy that provides you with quality coverage and excellent value for your money. We are pleased to advise you that we are making good coverage even better with our **Personal Auto Special Provisions** endorsement. The really great news is that with our **Personal Auto Special Provisions:**

**THE COVERAGE LIMITS PROVIDED BY YOUR AUTO POLICY ARE INCREASED:**

- Your policy provides coverage for the cost of bail bonds that are required as a result of a covered accident. The $250 coverage limit is increased to $500.

- If you are required to attend a hearing or trial at our request, there is coverage under your policy for any loss of earnings. The $200 per day coverage limit is increased to $250 per day.

- If you acquire a new vehicle, (subject to certain limitations) you have automatic coverage for a specified period of time until you are able to report the acquisition to continue coverage. The **14 days** automatic coverage period is increased to **45 days**.

- Your policy provides property damage coverage for trailers that you do not own. The $500 coverage limit is increased to $2,500.

**YOU ALSO RECEIVE THESE ADDED COVERAGES IN THE EVENT OF A COVERED LOSS:**

- Up to $5,000 to cover immediate and necessary medical expenses for others who are injured in a covered accident with you.

- In addition to your First Party Benefits Coverage, a Supplemental Death Benefit applies in the amount of $2,000.

- Up to an additional $7,500 will be added to the First Party Benefits Coverage Limit of Liability that is applicable to Medical Expenses, if all occupants of your covered auto were wearing full safety belts at the time of a covered accident.

- Up to $50 to cover emergency travel expenses made necessary due to a covered loss to your auto.

- Up to $300 for loss to certain personal clothing or baggage as a result of a loss to your auto.

- Tapes, records, discs or other media coverage up to $500. This coverage applies when such items are damaged while in your auto at the time of a covered loss.

- Additional Transportation Expense coverage limits of up to a $300 maximum and $10 per day. When combined with the coverage provided by your base Personal Auto Policy, you have up to a $900 maximum and $30 per day limit of liability available for Transportation Expenses *(coverage is subject to certain limitations).*

**Your Personal Auto Policy – auto insurance with a "special" value.**

**\*NOTE:** This enclosure is a brief program description – it is not a contract. Please consult the policy or your agent for full coverage details.

INSURED COPY

# IMPORTANT POLICYHOLDER NOTICE
## CONCERNING COLLISION DAMAGE COVERAGE
## FOR RENTAL VEHICLES

IF YOU HAVE PURCHASED COLLISION COVERAGE ON AT LEAST ONE OF YOUR OWNED VEHICLES UNDER THIS POLICY AND THERE IS A LOSS TO A RENTAL VEHICLE, WE WILL PROVIDE THE BROADEST COVERAGE APPLICABLE TO ANY "YOUR COVERED AUTO" SHOWN IN THE DECLARATIONS. ANY APPLICABLE DEDUCTIBLE TO "YOUR COVERED AUTO" WILL APPLY.

**Thank you for selecting us to service your insurance needs!**

ST-PA-89PA (06/02)                                                                Page 1 of 1

INSURED COPY

# IMPORTANT POLICYHOLDER NOTICE CONCERNING
## FIRST ACCIDENT FORGIVENESS PLAN

Dear Policyholder:

You may qualify for a unique First Accident Forgiveness Plan that is now being offered to our customers who have been continuously insured with us for three (3) years. This plan is designed to reward drivers who have had favorable driving records over a three (3) year period. Should you qualify, in the event you have a chargeable accident, this plan can amount to significant savings on your automobile premium.

If you have any questions regarding the First Accident Forgiveness Program, including a complete listing of eligibility, please contact your agent.

### *Thank you for selecting us to service your insurance needs!*

---

NO COVERAGE IS PROVIDED BY THIS POLICYHOLDER NOTICE; NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISION OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATION PAGE FOR COMPLETE INFORMATION ON THE COVERAGES THAT YOU ARE PROVIDED. IF THERE IS A CONFLICT BETWEEN THE POLICY AND THE FOLLOWING SUMMARY, THE POLICY SHALL PREVAIL.

---

INSURED COPY

# IMPORTANT POLICYHOLDER NOTICE
## CONCERNING AUTOMOBILE SURCHARGES – PENNSYLVANIA

**To Our Valued Policyholders:**

In accordance with Pennsylvania law, we are providing you with an explanation of our Safe Driver Incentive Plan under which your policy has been rated. This plan affects your automobile rates in the event of a chargeable accident(s) and/or conviction(s).

The point system described below has been established under which those drivers that have no points receive the lowest premiums. Higher premiums are charged for other drivers based upon the number of points they have accumulated during the experience period.

If the final digit of the classification/class code is a 1, 2, 3, or 4, the premium reflects a surcharge for accidents and/or convictions.

The surcharge or increase of premium that would apply under the **Safe Driver Incentive Plan** is identified below.

### SAFE DRIVER INCENTIVE PLAN

| Driving Record Point Code | Code Description | *Increase of Premium |
|---|---|---|
| 0 | No driver record points | 0% |
| 1 – A | One driver record point (other than inexperience) | 30% |
| 1 – B | One driver record point (inexperience) | 30% |
| 2 | Two driver record points | 60% |
| 3 | Three driver record points | 90% |
| 4 | Four or more driver record points | 120% |

*These percent surcharges are illustrative of the base premium only. The surcharge in dollars and as a percent of your premium will vary. The factors that change the premium include operator driving experience, annual miles driven and use of vehicle. For more information about the surcharge, please contact your agent.

## DRIVING RECORD POINTS

**A.  Convictions**

Points shall be assigned for convictions during the experience period for motor vehicle violations of the applicant or any other current resident operator as follows:

1.  Three points are assigned for the conviction of:

    a.  driving while intoxicated or under the influence of drugs; or

    b.  failure to stop and report when involved in an accident resulting in bodily injury; or

    c.  homicide or assault arising out of the operation of a motor vehicle; or

    d.  driving while license is suspended or revoked.

2.  Two points are assigned for the accumulation of points under a State Point System or a series of convictions requiring the filing of evidence of financial responsibility under any Financial Responsibility Law as of the effective date of the policy.

3.  One point is assigned for conviction of any other moving traffic violation resulting in:

    a.  suspension or revocation of an operator's license; or

    b.  the filing of evidence of financial responsibility under any Financial Responsibility Law required as of the effective date of the policy.

    **Exception:**

    Do not assign a point if an operator's license was suspended because of a single conviction of:

    a.  failure to stop for a school bus with flashing red lights; or

    b.  exceeding the maximum speed limit by 31 or more miles per hour.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
INSURED COPY

4.   The Experience Period for assignment of points for convictions is:

The Experience Period shall be the three years immediately preceding the date of application or the preparation of the renewal.

5.   No points will be assigned as a result of one violation listed in the Pennsylvania Laws – Section 1535.

## B.   Accident Surcharges

1.   One point is assigned for each accident for which an insurer paid a claim during the experience period, if the paid claim meets or exceeds the applicable dollar amount threshold described below, and if the accident involved the applicant, the named insured, or any resident operator while operating an auto.

2.   The applicable threshold is determined by the accident date, as follows:

| Dollar Threshold | Applies to These Accidents |
|---|---|
| $1,050 | Applies to accidents which occurred on or after July 1, 2002 but before July 1, 2005 |
| $1,150 | Applies to accidents which occurred on or after July 1, 2005 but before July 1, 2008 |
| $1,350 | Applies to accidents occurring on or after July 1, 2008 but before July1, 2011 |
| $1,450 | Applies to accidents occurring on or after July 1, 2011 |

3.   The Experience Period shall be the three-year interval between the date of the initial claim payment resulting from any one accident which meets the applicable dollar threshold, and the date of the application or the preparation of the renewal.

Exceptions:

1.   An accident incurred by an operator who is demonstrated to be a named insured or principal operator of a vehicle insured under a separate policy is not eligible for surcharge.

2.   An accident incurred by an operator who is demonstrated to no longer reside in the insured's household is not eligible for surcharge.

3.   No points are assigned for accidents occurring under the following circumstances:

a.   auto operated by the applicant or any resident operator is struck by a "hit-and-run" vehicle, if the accident is reported to the proper authority within 24 hours by the applicant or resident operator; or

b.   accidents involving damage by contact with animals or fowl; or

c.   accidents involving physical damage limited to and caused by flying gravel, missiles, or falling objects; or

d.   accidents occurring when using auto in response to an emergency if the operator at the time of the accident was a paid or volunteer member of any Police or Fire Department, First Aid Squad, or any law enforcement agency. This exception does not include an accident occurring after the auto ceases to be used in response to such emergency; or

e.   accidents resulting in an amount being paid on behalf of an insured only under Basic, Added or Combination First Party Benefits Coverage or under Extraordinary Medical Benefits Coverage; or

f.   accidents where the insurer is reimbursed by or on behalf of the named insured or other resident operator for 60% or more of the total amount of the paid claim received through subrogation or from a settlement or judgment against the individual responsible for the accident; or

g.   auto lawfully parked (if the parked vehicle rolls from the parked position then any such accident is charged to the person who parked the auto); or

h.   auto is struck in the rear by another vehicle and the applicant or other resident operator has not been convicted of a moving traffic violation in connection with this accident; or

i.   operator of the other auto involved in the accident was convicted of a moving traffic violation and the applicant or resident operator was not convicted of a moving traffic violation in connection with the accident.

## C.   Inexperienced Operator

If the principal operator of the auto has no surcharge for an accident, but has been licensed for less than three years, one point is assigned (Code Subclass 1 – B).

If you have any questions regarding the Safe Driver Incentive Plan, please contact your agent.

*Thank you for selecting us to service your insurance needs!*

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

INSURED COPY

# IMPORTANT NOTICE CONCERNING YOUR AUTO INSURANCE

## FINANCIAL RESPONSIBILITY LAWS

There are financial responsibility laws in effect in many states which require that a minimum limit of liability protection be maintained on vehicles that are owned and/or operated in the state. Several jurisdictions require that proof of financial responsibility be presented when requested by law enforcement officers. The penalties for failure to provide this proof or for owning or operating an uninsured vehicle vary by state and can subject you to a summons, fine, loss of license and registration, or a combination of charges.

In order to make it easier for you to comply with the laws of your state or those in which you may be traveling, we have enclosed **Auto Insurance Identification Card(s)** with your policy. You will find one identification card for each auto insured by the policy. This card is your proof of financial responsibility. We recommend that you keep one card in your auto or on your person, so that it is available when you need proof of insurance.

Your new **Auto Insurance Identification Card** is only valid during the period of time that your auto insurance policy remains in force. Because of the financial responsibility requirements and possible penalties, it is very important for you to maintain continuous insurance coverage on your autos. We are pleased that you have chosen our company for that valuable protection.

Some states require that we provide the insured with two ID cards per auto insured under the policy. If you have received two ID cards, the second ID card is for you to present to the Department of Motor Vehicles as required when registering your car. It should be kept in a safe place at home until it is needed. If you should lose the card, notify your agent.

Please contact your agent if you have any questions regarding your Personal Auto Policy.

### Thank you for selecting us to service your insurance needs!

# IMPORTANT INFORMATION ABOUT DRIVING OUTSIDE OF THE UNITED STATES AND PROOF OF AUTO INSURANCE

> *THIS NOTICE DOES NOT PROVIDE ANY COVERAGE; NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISIONS OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR POLICY DECLARATIONS FOR COMPLETE INFORMATION ABOUT THE COVERAGE THAT APPLIES. IF THERE IS ANY CONFLICT BETWEEN THE POLICY AND THIS NOTICE, THE PROVISIONS OF THE POLICY SHALL PREVAIL.*

**Dear Policyholder:** This notice provides you with important information about territory provisions included in your policy. Your Personal Auto Policy provides coverage for accidents or losses that occur within the policy period shown on the Declarations and within the policy territory. The policy territory is defined as the United States of America, its possessions (such as the American Samoa, Guam and the U.S. Virgin Islands), Puerto Rico or Canada. While that is the case, in locations outside of the United States, authorities may not accept the Auto Identification Card we provided to you with your policy as proof that you have insurance. For example, Canada recommends non-resident operators to carry a special Identification Card. For this reason, before you drive outside of the United States, be sure that you:

- Familiarize yourself with the motor vehicle laws in the countries or territories you plan to drive in; and
- Obtain a "Canada Non-Resident Inter-Province Motor Vehicle Liability Insurance Card" from your independent insurance agent when driving in Canada.

In addition, because your Personal Auto Policy's territory definition does not include Mexico, if you plan to drive in Mexico, contact your independent insurance agent to purchase Mexican Auto Insurance. Under Mexican laws, auto accidents are not just civil offenses. They are considered criminal offenses and, therefore, the consequences of driving uninsured can be severe.

If you have any questions about this notice or the territory provisions of your Personal Auto Policy, please contact your independent insurance agent. Your agent can answer your questions and, to the extent possible, ensure your coverage meets your insurance needs.

*Thank you for selecting us to service your insurance needs!*

ST-PA-133 (02/06)

INSURED COPY

# NOTICE OF TORT OPTIONS

The laws of the Commonwealth of Pennsylvania give you the right to choose either of the following two tort options:

A. **"LIMITED TORT" OPTION:** This form of insurance limits your right and the rights of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury," as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

B. **"FULL TORT" OPTION:** This form of insurance allows you to maintain an unrestricted right for yourself and other members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering or other nonmonetary damages as a result of injuries caused by other drivers.

If you wish to change the tort option that currently applies to your policy, you must notify your agent, broker or company and request and complete the appropriate form.

*Thank you for selecting us to service your insurance needs!*

# NOTICE OF PREMIUM DISCOUNTS

The laws of the Commonwealth of Pennsylvania require that we provide you with notice about these available premium discounts:

**A.  DRIVER IMPROVEMENT COURSE DISCOUNT:** If a named insured age 55 or older has successfully completed a driver improvement course approved by the Pennsylvania Department of Transportation, a 5 percent premium credit may be applied to your policy. In order to be eligible:

–   A certificate of successful completion from an approved course must be provided;

–   The course must have been completed within the last three years; and

–   You must have voluntarily enrolled in the course.

**B.  PASSIVE RESTRAINT DISCOUNT:** If your vehicle is equipped with air bags or passive seatbelts, you may qualify for a discount on the First-Party Benefits Coverage portion of your policy. Passive seatbelts are those which automatically fasten without any action by the driver or front seat passenger.

**C.  ANTI-THEFT DISCOUNT:** If you have an anti-theft device in your vehicle, it may be one that qualifies for a discount on the Other Than Collision Coverage portion of your policy. Below are examples of anti-theft devices:

–   Alarm system that can be heard at least 300 feet away for at least 3 minutes.

–   Device that you manually set that makes the fuel, ignition or starting system inoperative.

–   Device that automatically makes the fuel, ignition or starting system inoperative when the ignition is turned off.

Please contact your independent agent if you have any questions about this policyholder notice or to determine if you qualify for one of these premium discounts.

*Thank you for selecting us to service your insurance needs!*

ST-PA-147 (07/05)

INSURED COPY

Page 1 of 1

# IMPORTANT POLICYHOLDER INFORMATION
## CONCERNING BILLING PRACTICES

**Dear Valued Policyholder:** This insert provides you with important information about our policy billing practices that may affect you. Please review it carefully and contact your agent if you have any questions.

**Premium Notice:** We will mail you a policy Premium Notice separately. The Premium Notice will provide you with specifics regarding your agent, the account and policy billed, the billing company, payment plan, policy number, transaction dates, description of transactions, charges/credits, policy amount balance, minimum amount, and payment due date. This insert explains fees that may apply to and be shown on your Premium Notice.

**Available Premium Payment Plans:**

- **Annual Payment Plan:** When this plan applies, you have elected to pay the entire premium amount balance shown on your Premium Notice in full. No installment billing fee applies when the Annual Payment Plan applies.

- **Installment Payment Plan:** When this plan applies, you have elected to pay your policy premium in installments (e.g.: quarterly or monthly installments – Installment Payment Plans vary by state). As noted below, an installment fee may apply when the Installment Payment Plan applies.

The Premium Payment Plan that applies to your policy is shown on the top of your Premium Notice. It is also shown on your Policy Declarations. Please contact your agent if you want to change your Payment Plan election.

**Installment Payment Plan Fee:** If you elected to pay your premiums in installments using the Installment Premium Payment Plan, an installment billing fee applies to each installment bill. The installment billing charge will not apply, however, if you pay the entire balance due when you receive the bill for the first installment. Because the amount of the installment charge varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Dishonored Payment Fee:** Your financial institution may refuse to honor the premium payment withdrawal request you submit to us due to insufficient funds in your account or for some other reason. If that is the case, and your premium payment withdrawal request is returned to us dishonored, a payment return fee will apply. Because the amount of the return fee varies from state to state, please consult your Premium Notice for the actual fee that applies.

**Late Payment Fee:** If we do not receive the minimum amount due on or before the date or time the payment is due, as indicated on your Premium Notice, you will receive a policy cancellation notice effective at a future date that will also reflect a late payment fee charge. Issuance of the cancellation notice due to non-payment of a scheduled installment(s) may result in the billing and collection of all or part of any outstanding premiums due for the policy period. Because the amount of the late fee varies from state to state, please consult your Premium Notice for the actual fee that applies. (Late Payment Fees are not applicable in some states.)

**Special Note:** Please note that some states do not permit the charging of certain fees. Therefore, if your state does not allow the charging of an Installment Payment Plan, Dishonored Payment or Late Payment Fee, the disallowed fee will not be charged and will not be included on your Premium Notice.

Once again, please contact your agent if you have any questions about the above billing practice information.

**Thank you for selecting us to service your insurance needs.**

# PENNSYLVANIA NOTICE

An Insurance Company, its agents, employees, or service contractors acting on its behalf, may provide services to reduce the likelihood of injury, death or loss. These services may include any of the following or related services incident to the application for, issuance, renewal or continuation of, a policy of insurance:

1. surveys;

2. consultation or advice; or

3. inspections.

The "Insurance Consultation Services Exemption Act" of Pennsylvania provides that the Insurance Company, its agents, employees or service contractors acting on its behalf, is not liable for damages from injury, death or loss occurring as a result of any act or omission by any person in the furnsihing of or the failure to furnish these services.

The Act does not apply:

1. if the injury, death or loss occurred during the actual performance of the services and was caused by the negligence of the Insurance Company, its agents, employees or service contractors;

2. to consultation services required to be performed under a written service contract not related to a policy of insurance; or

3. if any acts or omissions of the insurance Company, its agents, employees or service contractors are judicially determined to consititute a crime, actual malice, or gross negligence.

---

**Instruction to Policy Writers**

Attach the Pennsylvania Notice to all new and renewal certificates insuring risks located in Pennsylvania.

---

Copyright, Insurance Services Office, Inc., 1981

IL 09 10/HO 291
(ED. 01 81)

INSURED COPY

| Policy Number: 33P W630813 | Issuing Company:<br>PEERLESS INDEMNITY INSURANCE COMPANY |
|---|---|

| Named Insured and Mailing Address:<br>DAVID KRANTZ<br>154 OAK RD<br>CONESTOGA PA 17516-9220 | Agent:<br>ROSS INSURANCE AGENCY LLC<br>1496 LITITZ PIKE<br>LANCASTER PA 17601-6500<br><br>Agent Code: 3710575    Agent Phone: (717)-397-4729 |
|---|---|

# IMPORTANT POLICYHOLDER NOTICE
## CONCERNING MINIMUM REQUIRED COVERAGES AND LIMITS

Dear Valued Policyholder:

The laws of the Commonwealth of Pennsylvania, as enacted by the General Assembly, only require that you purchase Liability and First Party Medical Benefit Coverages (FPB). Any additional coverages in excess of the limits required by law are provided only at your request as enhancements to basic coverages.

Listed below is the premium for minimum required coverages and limits. Please Note: Your policy is enclosed with your current coverages.

### Vehicle Information:

| Veh | Year | Make | Model | Vehicle Identification Number |
|---|---|---|---|---|
| 001 | 1996 | VLKS | CABRIO | WVWBB81E3TK011918 |
| 002 | 2011 | TOYO | CAMRY | 4T1BF3EK0BU717377 |
| 003 | 1995 | CHEV | PICKUP1500 | 2GCEK19K4S1132678 |
| 004 | 2007 | DODG | RAM | 1D7KS28A475615608 |
| 005 | 1998 | VLKS | JETTA GL | 3VWRA81H5WM242177 |

### Mandatory Coverages:

| | | Premium | | |
|---|---|---|---|---|
| **Liability** | | | | |
| $15,000 Each Person/$30,000 Each Accident | $ 48.00 | $ 55.00 | $ 48.00 |
| $ 5,000 Property Damage | $ 61.00 | $ 69.00 | $ 61.00 |
| | | | | |
| **Basic First Party Benefits** | | | | |
| $ 5,000 Medical Expense Benefit | $ 30.00 | $ 34.00 | $ 34.00 |

| | | Premium | | |
|---|---|---|---|---|
| **Liability** | | | | |
| $15,000 Each Person/$30,000 Each Accident | $ 48.00 | $ 48.00 | |
| $ 5,000 Property Damage | $ 61.00 | $ 61.00 | |
| | | | | |
| **Basic First Party Benefits** | | | | |
| $ 5,000 Medical Expense Benefit | $ 30.00 | $ 30.00 | |

If you wish to make any changes or have any questions regarding your automobile policy, please contact your agent.

Sincerely,
Personal Lines Service Staff

ST-PA-91PA (06/02)

**Penalties for Insurance Fraud**

The laws of the Commonwealth of Pennsylvania require us to provide the following warning notice regarding insurance fraud:

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

ST-PA-91PA (06/02)

# PERSONAL
# AUTO
# POLICY

90-295 (06/98)

INSURED COPY

YOUR PERSONAL AUTO POLICY
QUICK REFERENCE

DECLARATIONS PAGE

Your Name
Location of Your Residence
Your Auto, Trailer, or Recreational Vehicle
Policy Period
Coverages
Amount of Insurance
Deductible

| | Beginning on Page | | Beginning on Page |
|---|---|---|---|
| AGREEMENT | 1 | PART D - COVERAGE FOR DAMAGE TO YOUR AUTO | 8 |
| DEFINITIONS | 1 | Insuring Agreement | 8 |
| | | Transportation Expenses | 9 |
| PART A - LIABILITY COVERAGE | 2 | Exclusions | 9 |
| Insuring Agreement | 2 | Limit of Liability | 11 |
| Supplementary Payments | 2 | Payment of Loss | 12 |
| Exclusions | 3 | No Benefit to Bailee | 12 |
| Limit of Liability | 4 | Other Sources of Recovery | 12 |
| Out of State Coverage | 4 | Appraisal | 12 |
| Financial Responsibility | 5 | | |
| Other Insurance | 5 | | |
| | | PART E - DUTIES AFTER AN ACCIDENT OR LOSS | 12 |
| PART B - MEDICAL PAYMENTS COVERAGE | 5 | | |
| Insuring Agreement | 5 | PART F- GENERAL PROVISIONS | 13 |
| Exclusions | 5 | Bankruptcy | 13 |
| Limit of Liability | 6 | Changes | 13 |
| Other Insurance | 6 | Fraud | 13 |
| | | Legal Action Against Us | 13 |
| PART C - UNINSURED MOTORISTS COVERAGE | 6 | Our Right to Recover Payment | 13 |
| Insuring Agreement | 6 | Policy Period and Territory | 13 |
| Exclusions | 7 | Termination | 14 |
| Limit of Liability | 7 | -  Cancellation | 14 |
| Other Insurance | 8 | -  Nonrenewal | 14 |
| Arbitration | 8 | -  Automatic Termination | 14 |
| | | -  Other Termination Provisions | 14 |
| | | Transfer of Your Interest in This Policy | 15 |
| | | Two or More Auto Policies | 15 |

INSURED COPY

The term Company, as used below, means the company that has issued the policy to which this witness statement is attached. The Company is identified on your Declarations in the area titled "Coverage is provided in".

**IN WITNESS WHEREOF,** the Company has caused this policy to be executed and attested on its behalf by its President and Secretary at Boston, Massachusetts, and countersigned on the Declarations by a duly authorized representative of that Company. In a state where a countersignature is not required, no policy shall be deemed invalid due to the absence of a countersignature.

*President*

*Secretary*

WS (01/06)

<u>VERIFICATION</u>

I, David A. Krantz, hereby certify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. section 4904, relating to unsworn falsification to authorities.

David A. Krantz

Dated: 7/27/18

Docket No. CI-17-05202

### CERTIFICATE OF SERVICE

I, Thomas J. Floyd, Jr., hereby certify that on this date I have served a copy of the foregoing Complaint upon the following individuals in the manner indicated below:

#### First Class Mail, Addressed as Follows:

Brigid Q. Alford, Esq.
*Attorney for Peerless Indemnity Insurance Company,*
*Ohio Casualty Insurance Company and*
*Liberty Mutual Insurance Company*
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011

Thomas J. Floyd, Jr.
*Attorney for Plaintiff*
8 North Queen Street, Ste 1102
Lancaster, PA 17603
(717) 392-3388
I.D. No. 39026

Dated: 7/27/18

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Thomas J. Floyd, Jr.

Signature: _____

Name: Thomas J. Floyd, Jr.

Attorney No. (if applicable): 39026

# THE FLOYD LAW FIRM

(717) 392-3388

**Thomas J. Floyd, Jr., Esq.**
*Tom@TomFloydLawFirm.com*
Griest Building, Suite 1102
Eight North Queen Street
Lancaster, PA 17603

FAX: (717) 293-8892

July 27, 2018

Brigid Q. Alford, Esq.
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011

      **Re:**    **David A. Krantz v. Peerless Indemnity Insurance Co, et al**
            **Lancaster County No.: CI-17-05202**

Dear Ms. Alford:

      Enclosed please find a date-stamped copy of the Complaint which we have filed in the above-referenced action.

      Thank you for your courtesy and attention to this claim.

            Very truly yours,

            Thomas J. Floyd, Jr.

\eh
Enclosure





EXHIBIT
F