UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAVID A. KRANTZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 18-cv-3450 |
| | : | |
| PEERLESS INDEMNITY INSURANCE COMPANY, | : | |
| Defendant. | : | |

**O P I N I O N**
Defendant's Motion for a More Definite Statement, ECF No. 5—Denied
Defendant's Alternative Motion to Dismiss Bad Faith Claim, ECF No. 5—Granted
Defendant's Alternative Motion to Strike References to Unfair Insurance Practices Act,
ECF No. 5—Denied as Moot

**Joseph F. Leeson, Jr.**                                                     **March 11, 2019**
**United States District Judge**

    **I.**        **INTRODUCTION**

      This case, which was removed from Pennsylvania state court, involves Plaintiff David A. Krantz's claim for underinsured motorist insurance coverage for injuries he sustained in a car accident. Krantz and Defendant Peerless Indemnity Insurance Company dispute the amount of coverage to which Krantz is entitled.[1] Peerless describes Krantz's Complaint as vague and moves for a more definite statement and, in the alternative, to dismiss Krantz's statutory bad faith claim and strike references in the Complaint to the Pennsylvania Unfair Insurance Practices Act.

---

[1] Krantz's Complaint listed Ohio Casualty Insurance Company and Liberty Mutual Insurance Company as additional defendants, but they were dismissed by joint stipulation of the parties. ECF No. 4.

This Court finds Krantz's Complaint sufficiently detailed that Peerless can respond to it and denies the motion for a more definite statement. However, this Court finds that Krantz has not stated a bad faith claim and will dismiss that claim; accordingly, the motion to strike specific allegations as irrelevant to the bad faith claim is denied as moot. Without the bad faith claim, this case fails to meet the amount in controversy requirement, and this Court will remand the case to the state court if Krantz does not file an amended complaint.

## II. BACKGROUND

The following facts are drawn from Krantz's Complaint and are accepted as true, with all inferences drawn in Krantz's favor.

In July 2012, Krantz was involved in a car accident while riding as a passenger in a car driven by Justin Miller. Compl. ¶ 6. Krantz sustained various injuries as a result. Compl. ¶¶ 7-10. Krantz brought a personal injury claim against Miller and Miller's insurer, which the parties settled for $25,000. Compl. ¶ 14.

In addition to his claim against Miller's insurer, Krantz made claims for underinsured motorist ("UIM") benefits under two separate policies of motor vehicle insurance that were in effect on the date of the accident, one issued by Progressive Insurance Company and one issued by Defendant Peerless Indemnity Insurance Company. Compl. ¶¶ 15-17. Progressive settled Krantz's UIM claim against its policy for the policy's UIM limit of $60,000. Compl. ¶ 16. Peerless paid Krantz $62,500 of their alleged $100,000 UIM limit but refused Krantz's demand for the remaining $37,500. Compl. ¶ 17.

Krantz brought suit in the Court of Common Pleas of Lancaster County. *See* ECF No. 1. Peerless removed the case to this Court on August 15, 2018. *Id.* Krantz argues that Peerless' refusal is based on "bad faith reliance on an invalid and unlawful set off provision" that limits

2
031119

UIM recovery under multiple UIM policies to "the highest applicable limits for any one vehicle under the policy." Compl. ¶ 18. Krantz claims that the Peerless policy provides UIM coverage in an amount between $100,000 and $500,000, depending on Peerless's ability to produce a valid stacking waiver, and that, although he fully complied with the terms of the policy, Peerless paid only a portion of the available UIM benefits. Compl. ¶ 22. Krantz claims that Peerless failed to fairly evaluate his claim, reasonably investigate his claim, and promptly pay the full value of his claim. Compl. ¶¶ 28-30. He alleges that Peerless' bad faith reliance on the set off provision is a material breach of the insurance agreement and demands damages exceeding $50,000 plus "interest, delay damages, costs of suit and such other damages as allowed by law or in equity." Compl. ¶¶ 34-35.

Peerless has filed several motions in the alternative. First, Peerless moves for a more definite statement under Rule 12(e) on the basis that, because Krantz has not separated his Complaint into separate counts, it is so vague and ambiguous that Peerless cannot respond. In the alternative, Peerless moves to dismiss Krantz's statutory bad faith claim under Rule 12(b)(6) and to strike as irrelevant to Krantz's bad faith claim his allegation that Peerless violated the Pennsylvania Unfair Insurance Practices Act (UIPA).

### III. LEGAL STANDARD

#### A. Rule 12(b)(6) Motion to Dismiss

In rendering a decision on a motion to dismiss for failure to state a claim, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the

plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Rule 12(e) Motion for a More Definite Statement

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are "highly disfavored" in light of Rule 8, which requires only a short and plain statement of the claim. *Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC,* 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011); *see also Sun Co. v. Badger Design & Constructors,* 939 F. Supp. 365, 374 (E.D. Pa. 1996) ("The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small-the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (1990))). Granting the request for a more definite statement is only appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith; without prejudice to itself." *Sun Co.,* 939 F. Supp. at 368 (quotations omitted).

4
031119

## IV. ANALYSIS

### A. Motion for a More Definite Statement

Peerless bases its motion for a more definite statement on Krantz's failure to divide his Complaint into separate counts or list specific causes of action. Mot. 4.

A plaintiff's mere failure to separate his complaint into separate counts does not justify granting a motion for a more definite statement. *See Ciocca v. Heidrick & Struggles, Inc.*, No. CV 17-5222, 2018 WL 2298498, at *4 (E.D. Pa. May 21, 2018) (holding that plaintiff's failure to separate each theory of recovery resulting from same factual allegations into a separate count did not justify granting motion for more definite statement); *Country Classics*, 780 F. Supp. 2d at 372 (denying motion for more definite statement even though plaintiff included eight separate claims in single count because defendant and court could discern plaintiff's specific allegations).

Although Krantz's Complaint could be clearer, it is not so "vague or ambiguous" that Peerless cannot respond—"[t]he basis for granting such a motion is unintelligibility, not lack of detail." *McGee v. Conyngham Twp.*, No. 4:17-CV-01639, 2018 WL 2045437, at *2 (M.D. Pa. May 1, 2018) (denying motion where court could discern causes of action plead and the factual basis for each) (quoting *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989)). The "core facts" underlying Krantz's claim are clear: he complains that Peerless improperly refused to pay him the full amount of UIM benefits he was due under the policy and relied on an invalid set off provision. *See Godfrey v. Upland Borough*, 246 F. Supp. 3d 1078, 1087 (E.D. Pa. 2017) (denying a motion for a more definite statement where "[t]he core facts underlying Plaintiffs' claims are more or less comprehensible despite their haphazard

5
031119

presentation."). This Court discerns two causes of action[2] based on these allegations: Krantz's Pennsylvania state law claim for bad faith, which Peerless has already identified and responded to, and a claim for breach of the insurance agreement.[3] Krantz's Complaint contains a sufficient statement of his claims that Peerless can respond, and the motion for a more definite statement is denied.

### B. Motion to Dismiss Bad Faith Claim

Peerless moves to dismiss Krantz's Pennsylvania state law bad faith claim. Pennsylvania provides a statutory remedy against insurers for bad faith, codified in 42 Pa. C.S. § 8371. Section § 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371.

Although the statute does not define "bad faith," the Superior Court of Pennsylvania has defined it as "any frivolous or unfounded refusal to pay proceeds of a policy." *Terletsky v.*

---

[2] Although the Complaint alleges that Peerless violated its fiduciary duties as Krantz's insurer, there is no fiduciary duty owed to an insured in the context of underinsured/uninsured motorist benefits. *See Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *5 (M.D. Pa. Jan. 27, 2017) (striking references to breach of fiduciary duty) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136 (Pa. Super. Ct. 2009)).

[3] Krantz's Complaint clearly states that "Defendants' continued bad faith reliance upon and assertion of the invalid and unlawful set off provision of its policy constitutes a material breach of the Insurance Agreement . . . ." Compl. ¶ 34. In his response to the Motion, Krantz confirms that he intended to allege claims for bad faith and breach of contract. Pl. Opp. 5, ECF No. 7.

*Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (quotations omitted). To state a claim of bad faith, a plaintiff must allege that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim. *W.V. Realty, Inc. V. Northern Ins. Co.*, 334 F.3d 306, 312 (3d Cir. 2003). "Although the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004) ). "The insured must ultimately show that 'the insurer breached its duty of good faith through some motive of self-interest or ill will.'" *Id.*

Courts in this Circuit have routinely dismissed bad faith claims reciting only "bare-bones" conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed. App'x. 133, 136 (3d Cir. 2012); *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *5–6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288 (E.D. Pa. May 28, 2015).

For example, in *Mozzo v. Progressive Ins. Co.*, the plaintiff's complaint contained only conclusory allegations asserting that:

> (1) he complied with all relevant requests attributable to the investigation of this claim and requests that his claim be covered; (2) the defendant arbitrarily and capriciously failed to honor its contractual obligations; (3) as a result of the defendant's failure to honor its obligations, the plaintiff incurred and continued to incur damages; and (4) the defendant acted in bad faith in failing to honor the plaintiff's claim.

No. CIV.A. 14-5752, 2015 WL 56740 at *3 (E.D. Pa. Jan. 5, 2015). The Court found that "[n]othing in the complaint sets forth any facts regarding Defendant's actions, let alone actions from which the Court can infer a bad faith claim." *Id.* Accordingly, the Court dismissed the bad faith claim without prejudice.

Krantz makes similar conclusory allegations. He alleges that Peerless has refused to pay him in good faith the $37,500 he alleges remains available under the UIM policy because Peerless relied on an invalid and unlawful set off provision. Compl. ¶¶ 17-18. According to the Complaint, Peerless did not make any good faith offers to settle the claim despite Krantz's repeated demands, Compl. ¶ 26, failed to objectively and fairly evaluate his claim, Compl. ¶ 28, failed to promptly tender payment of the fair value of the claim, Compl. ¶ 29, and failed to reasonably investigate Krantz's claim, Compl. ¶ 30. With respect to the allegedly invalid set off provision (which Krantz's Complaint does not identify clearly), Krantz does not allege facts to show that the provision was in fact invalid or, more importantly, that Peerless knew or should have known that it was denying the full amount of benefits based on an invalid provision. Similar to the *Mozzo* case, Krantz does not support his conclusory allegations about Peerless's handling of his claim with supporting facts. For example, he alleges that Peerless did not promptly tender payment of the fair value of the claim, but offers no facts to show a delay in payment. *See Camp*, 2016 WL 3181743, at *6 ("[F]ailure of an insurer to 'immediately accede to a demand for the policy limit cannot, without more, amount to bad faith.'" (quoting *Smith*, 506 Fed. App'x. at 136)). Although Krantz alleges that Peerless failed to reasonably investigate, the Complaint offers no facts describing what, if any, investigation Peerless made and how it was inadequate. "Essentially, Plaintiff's cursory allegations assert that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from

which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits." *Pasqualino*, 2015 WL 3444288, at *5 (footnote omitted). This Court concludes that Krantz has not stated a claim for bad faith under Pennsylvania law and will dismiss the claim without prejudice.

### C. Subject Matter Jurisdiction Over Breach of Contract Claim

With Krantz's Pennsylvania law breach of contract claim being the only remaining claim against Peerless, this Court must consider whether it still has subject matter jurisdiction over this action.[4] Peerless initially removed this action to this Court from the Pennsylvania state court under 28 U.S.C. § 1441, with this Court's subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal ¶¶ 20-21, ECF No. 1. Peerless represented that diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000: Krantz demands judgment exceeding $50,000, plus interest, delay damages, and costs, and a plaintiff prevailing on a statutory bad faith claim can recover punitive damages, interest, attorneys' fees, and costs. *See* 42 Pa. C.S. § 8371.

A removing defendant carries the burden of establishing the requisite amount in controversy. *Russ v. Unum Life Ins. Co.,* 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)). The Third Circuit has cautioned that § 1441 must be strictly construed against removal "so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel–Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir. 2004) (internal citations omitted). "Because lack of jurisdiction would make

---

[4] A federal court may consider the existence of jurisdiction on its own at any time; litigants may not confer subject matter jurisdiction by consent. *Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436, 445–46 (E.D. Pa. 2001) (citing *In re Orthopedic "Bone Screw" Products Liability Litigation*, 132 F.3d 152, 155 (3rd Cir. 1997)).

any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co..,* 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); *see also Steel Valley Authority v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing *Abels*). Thus, a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden. *Russ v. Unum Life Ins. Co.,* 442 F. Supp. 2d 193, 198 (D.N.J. 2006) ("[M]ere speculation that a claim will exceed the jurisdictional amount is not enough to confer jurisdiction.")

Now that this Court has dismissed Krantz's bad faith claim, the statutory basis for awarding punitive damages, interest, attorney's fees, and costs under 42 Pa. C.S. § 8371 no longer exists. Absent his bad faith claim, Krantz cannot recover punitive damages because Pennsylvania law does not permit a plaintiff to recover punitive damages for a simple breach of contract. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004). Nor can Krantz likely recover attorneys' fees, because Pennsylvania law does not allow awards of attorneys' fees in ordinary breach of contract actions absent a contractual provision to the contrary. *Bd. of Trustees, Roofers Local No. 30 Combined Welfare Fund v. Int'l Fid. Ins. Co.*, 63 F. Supp. 3d 459, 474 (E.D. Pa. 2014) (citing *Sypeck v. State Farm Mut. Auto. Ins. Co.*, No. 3:12–CV–324, 2012 WL 2239730, at *4 (M.D. Pa. June 15, 2012)), *aff'd*, 644 F. App'x 133 (3d Cir. 2016). Although Pennsylvania law does permit statutory prejudgment interest at the rate of six

percent in breach of contract actions,[5] a potential interest recovery combined with the $50,000 damages Krantz claims still falls short of the amount in controversy requirement.

Therefore, if Krantz does not amend his Complaint, this Court will remand his remaining state law breach of contract claim to the state court based on the absence of subject matter jurisdiction.

**D. Motion to Strike**

Because this Court dismisses Krantz's bad faith claim and concludes that it lacks jurisdiction over the lone breach of contract claim, it need not decide whether the reference in the Complaint to the UIPA is relevant to Krantz's bad faith claim. Accordingly, Peerless's motion to strike is denied as moot.

**V. CONCLUSION**

For the reasons discussed above, Peerless's motion for a more definite statement is denied, the motion to dismiss Krantz's bad faith claim is granted, and the bad faith claim is dismissed without prejudice. Krantz will be permitted leave to file an amended complaint; if he chooses not to do so, this case will be remanded to the state court. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[5] *See Lehman Bros. Holdings Inc. v. Gateway Funding Diversified Mortg. Services, L.P.*, E.D. Pa. 2013, 942 F. Supp. 2d 516 ("Under Pennsylvania law, in contract cases, prejudgment interest is awardable as of right."); *Fernandez v. Levin*, 548 A.2d 1191, 1193 (1988) ("For over a century it has been the law of this Commonwealth that the right to interest upon money owing upon contract is a legal right.").